# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 02-1900

ROBERT E. HILL,

*Plaintiff-Appellant,*

v.

JACK E. POTTER, Postmaster General,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 00 C 3864—**John W. Darrah**, *Judge.*

_____

ARGUED JUNE 2, 2003—DECIDED DECEMBER 18, 2003

_____

Before POSNER, EASTERBROOK, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* This procedurally intricate litigation began seven years ago when Robert Hill, a supervisory employee of the Postal Service, brought suit in the federal district court in Chicago, charging age, race, and sex discrimination, plus retaliation for complaining about the discrimination, all arising from his failure to obtain positions in either of two executive tiers in the Postal Service—the Postal Career Executive Service (PCES) and the Executive and Administrative Schedule (EAS). The following year the district court dismissed the age, race, and sex

discrimination claims relating to the PCES, along with the EAS-related age-discrimination claim, on the merits, and dismissed the EAS-related race and sex claims, without prejudice, on the ground that Hill had failed to exhaust his administrative remedies. *Hill v. Runyon*, 959 F. Supp. 488 (N.D. Ill. 1997). (To simplify exposition, we refer to the claims that were dismissed with prejudice as the "PCES claims," and the EAS-related claims that were dismissed without prejudice as the "EAS claims.") Shortly afterwards, with the consent of the Postal Service, the court granted Hill's request to dismiss his retaliation claim, also without prejudice. That left nothing in the district court.

Hill went then to the EEOC in an attempt to exhaust his remedies. It refused to give him any relief, on the ground that he had failed to cooperate with it when he had first filed charges with the agency, before filing suit, and that once the suit was filed and decided it was too late for him to try to exhaust his administrative remedies. He then filed a new suit, this time in the federal district court in the District of Columbia, choosing that venue because the Postal Service had challenged the venue of his original suit (the judge in his Chicago case had not decided the question of venue). In the new suit Hill repeated the charges that the district court in Chicago had dismissed without prejudice, which is to say the EAS claims and the retaliation claim. He also repeated the claims that the district court in Chicago had dismissed on the merits; he added some other claims as well. The district court in D.C. dismissed the EAS claims for failure to exhaust and then transferred the rest of Hill's case back to the district court in Chicago. *Hill v. Runyon*, 12 F. Supp. 2d 30 (D.D.C. 1998).

Hill appealed to the D.C. Circuit, but it dismissed his appeal because the district court's ruling disposing of only some of Hill's claims was not a final judgment. *Hill v.*

*Henderson*, 195 F.3d 671 (D.C. Cir. 1999). Transfer orders, including ones transferring a case for the convenience of the parties and witnesses, 28 U.S.C. § 1404(a), are not appealable final decisions. E.g., *Murphy v. Reid*, 332 F.3d 82 (2d Cir. 2003) (per curiam); *In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 256 (4th Cir. 2002); *Ukiah Adventist Hospital v. FTC*, 981 F.2d 543, 546 (D.C. Cir. 1992); *Kotlicky v. U.S. Fidelity & Guaranty Co.*, 817 F.2d 6, 7 n. 1 (2d Cir. 1987). The district judge did not state the statutory basis for his transfer order, but presumably it was section 1404(a), since most of the witnesses and other evidence relating to Hill's claim of retaliation were in Chicago; and the court of appeals so assumed. *Hill v. Henderson, supra*, 195 F.3d at 672.

So Hill was back in the district court in Chicago, which last year dismissed his suit, ruling that his PCES and EAS claims were barred by res judicata and that his retaliation claim failed on the merits. This appeal followed. The judge dismissed Hill's other claims as well, on various grounds, but Hill does not challenge their dismissal.

If the Chicago district court's 1997 decision was a final judgment, the dismissal by that decision of Hill's PCES claims on the merits was indeed res judicata. Hill argues that the 1997 judgment was merely an interlocutory ruling in a lawsuit that did not conclude until the judgment entered by the district court in Chicago last year. Hill would be right if the district court in 1997, while ruling on the merits of the PCES claims, had stayed Hill's other claims to permit him to try to exhaust his remedies (unless the court had entered a Rule 54(b) judgment on the PCES claims, which would have permitted an immediate appeal from their dismissal). Then, after striking out in the District of Columbia, Hill could have resumed the Chicago litigation and, if he lost, could on appeal have challenged any of the

rulings the court had made in 1997. But in fact the 1997 decision disposed of the *entire* lawsuit, and was therefore a final decision.

It is true that insofar as that decision dismissed the EAS claims without prejudice for failure to exhaust, and the retaliation claim on Hill's own motion to dismiss that claim without prejudice, a resumption of the litigation in some form could be anticipated. But such an anticipation does not deprive a judgment of finality. *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n. 1 (1949); *Trustees of Pension, Welfare & Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Electric*, 223 F.3d 459, 464 (7th Cir. 2000); *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 631 (1st Cir. 2000). It's not like dismissing just the complaint and not the suit, *Furnace v. Board of Trustees*, 218 F.3d 666, 669-70 (7th Cir. 2000); *United States v. City of Milwaukee*, 144 F.3d 524, 529 n. 7 (7th Cir. 1998), or dismissing a suit with leave to reinstate it, as in *Principal Mutual Life Ins. Co. v. Cincinnati TV 64 Limited Partnership*, 845 F.2d 674, 676 (7th Cir. 1988); see also *Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985). The test for finality is not whether the suit is dismissed with prejudice or without prejudice, on the merits or on a jurisdictional ground or on a procedural ground such as failure to exhaust administrative remedies when exhaustion is not a jurisdictional requirement. The test is whether the district court has finished with the case. *Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 281 (7th Cir. 2002); *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 707 (7th Cir. 1999); *Hunt v. Hopkins*, 266 F.3d 934, 936 (8th Cir. 2001). Often it is possible that a dismissed case will resume in one form or another, especially if the dismissal is based on a jurisdictional or procedural defect. Yet in countless cases a dismissal for failure to exhaust state judicial remedies (for example, in a habeas corpus case) or administrative

remedies (for example, in a prisoner civil rights suit) has been appealed as a final judgment. E.g., *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002); *Sceifers v. Trigg*, 46 F.3d 701, 702-03 (7th Cir. 1995); *United States ex rel. Burbank v. Warden*, 535 F.2d 361, 363 (7th Cir. 1976); *Ray v. Kertes*, 285 F.3d 287, 291 (3d Cir. 2002); *Phillips v. Vasquez*, 56 F.3d 1030, 1032-33 (9th Cir. 1995).

What is true is that a litigant is not permitted to obtain an immediate appeal of an interlocutory order by the facile expedient of dismissing one of his claims without prejudice so that he can continue with the case after the appeal is decided. *West v. Macht*, 197 F.3d 1185 (7th Cir. 1999); *South Austin Coalition Community Council v. SBC Communications Inc.*, 191 F.3d 842, 844 (7th Cir. 1999); *JTC Petroleum Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776-77 (7th Cir. 1999); *Horwitz v. Alloy Automotive Co.*, 957 F.2d 1431, 1435-36 (7th Cir. 1992); *American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 891-92 (9th Cir. 2003); Rebecca A. Cochran, "Gaining Appellate Review by 'Manufacturing' a Final Judgment Through Voluntary Dismissal of Peripheral Claims," 48 *Mercer L. Rev.* 979 (1997). But, as in *United States v. Kaufmann*, 985 F.2d 884, 890-91 (7th Cir. 1993), and *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002), that is not the proper characterization of Hill's motion to dismiss his claim of retaliation. The record is clear that the reason for the request to dismiss was to avoid two trials, by joining the claim to the EAS claims that had been dismissed for failure to exhaust, after exhausting those claims.

Moreover, the ground on which the district judge had dismissed the EAS claims without prejudice was not that Hill was entitled to a belated attempt to exhaust his administrative remedies, but that *Pack v. Marsh*, 986 F.2d 1155 (7th Cir. 1993), had held that a district court has no sub-

ject matter jurisdiction of an unexhausted claim. After the district judge rendered her decision in 1997, we overruled *Pack v. Marsh*, holding that failure to exhaust is not a jurisdictional defect, albeit it is a reason for dismissal. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). It is unfortunate that *Gibson* was not decided before 1997, for the district judge's ruling dismissing the EAS claims without prejudice may have led Hill to think he could still exhaust his administrative remedies. But the EEOC was entitled to conclude that when he tried, it was too late. Normally one must exhaust before rather than after suing. See *Brown v. General Services Administration*, 425 U.S. 820, 831-33 (1976); *Gibson v. West*, *supra*; *Rann v. Chao*, 346 F.3d 192 (D.C. Cir. 2003). Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. § 2000e-16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief. If plaintiffs could sue before then, the time of the courts and of lawyers would be wasted with cases that ended up being resolved or abandoned at the administrative level. *Tolbert v. United States*, 916 F.2d 245, 249 n. 1 (5th Cir. 1990) (per curiam); *Wade v. Secretary of Army*, 796 F.2d 1369, 1376-78 (11th Cir. 1986); *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir. 1981).

If, however, through ignorance of proper procedures a plaintiff jumps the gun, suing before he has exhausted his administrative remedies, it does not follow that his suit must be dismissed with prejudice, cf. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002), which would preclude its reinstatement. It can be dismissed as premature, at least if the opposing party has not been harmed by the premature filing of the suit, and hence without prejudice. *Mitchell v. Chapman*, 343 F.3d 811, 821 (6th Cir. 2003); *Boos v. Runyon*, 201 F.3d 178, 183-84 (2d Cir. 2000); *Criales v.*

*American Airlines, Inc.*, 105 F.3d 93, 95 (2d Cir. 1997); *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346, 1351 (9th Cir. 1984); *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972) (per curiam); but see *Tolbert v. United States*, *supra*, 916 F.2d at 249-50. *Gibson v. Wade*, in holding that failure to exhaust administrative remedies is not a jurisdictional defense, did not hold or suggest that dismissal on that ground must always be with prejudice. The point would be obvious if, promptly waking up to his failure to exhaust, a plaintiff voluntarily moved to dismiss his case.

These cases do not help Hill. His problem was not that he jumped the gun but that he refused to cooperate with the EEOC. That was a failure to exhaust, *Rann v. Chao*, *supra*, 346 F.3d at 195-97; *Martinez v. Department of U.S. Army*, 317 F.3d 511, 512 (5th Cir. 2003); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002)—but a worse form of it than merely inadvertent inaction. The EEOC didn't have to give him another chance.

Since the decision by the district judge in the District of Columbia was not a final, appealable judgment, it is reviewable by the court having appellate jurisdiction over the transferee court that did render the final judgment. *Jones v. Infocure Corp.*, 310 F.3d 529, 534 (7th Cir. 2002). The court that rendered the final judgment was the district court in Chicago, and appeals from the final judgments of that court go to this court. We can be brief in discussing the merits of the appeal. Hill's claims divide into three. First is the PCES claims. They were rejected by the district court in Chicago in 1997, which entered a final judgment, appealable but not appealed, with prejudice; Hill was barred by res judicata from seeking to relitigate that ruling. Second is the EAS claims. The district court in the District of Columbia correctly rejected them because of Hill's failure to exhaust his

administrative remedies. And third is the retaliation claim, on which the district judge granted summary judgment for the Postal Service. Hill has forfeited any challenge to that ruling in this court by failing to explain, with citation to relevant legal materials, such as cases, statutes, and regulations, why he thinks the ruling was in error.

For completeness we add that even though the EAS claims were dismissed in 1997 without prejudice, and even though "without prejudice" is a signal that a dismissal does not have a preclusive effect in future litigation, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1016 (7th Cir. 2002); *EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1201-02 (10th Cir. 2003); *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983)—indeed, that is the purpose of the formula—there is an important and applicable exception. Remember that the reason the claims were dismissed without prejudice was that back in 1997 it was believed that a district court did not acquire jurisdiction over a Title VII case unless the plaintiff had exhausted his administrative remedies. Dismissals for want of subject-matter jurisdiction are always denominated without prejudice, because they signify that the court did not have the power to decide the case on the merits. But they are preclusive with respect to the jurisdictional ruling, *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999); *Magnus Electronics, Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir. 1987); *Pohlmann v. Bil-Jax, Inc.*, 176 F.3d 1110, 1112 (8th Cir. 1999); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999); *Jarvis v. Nobel/Sysco Food Services Co.*, 985 F.2d 1419, 1425 (10th Cir. 1993), as otherwise the plaintiff would be free to refile the identical case in the same court. The determination that Hill had failed to exhaust his administrative remedies was thus preclusive with respect to an attempt by him to relitigate the question

whether he had exhausted his administrative remedies before filing his first suit.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*