UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 30, 2006
Decided November 1, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

**Hon.** DIANE S. SYKES, Circuit Judge

| | |
|---|---|
| ROD BLAGOJEVICH, Governor of the State of Illinois, *Plaintiff-Appellant*, **Nos.** 05-3595 & 05-4600 **v.** DONALD RUMSFELD, Secretary of Defense of the United States, *et al.*, *Defendants-Appellees*. | Appeals from the United States District Court for the Central District of Illinois. No. 05 C 3190 Jeanne E. Scott, *Judge*. |

**Order**

The lengthy procedural history of this litigation, covered in several previous unpublished orders, need not be recounted in this latest order.

The parties' briefs reveal that there is no material disagreement about the only issue pertinent to these appeals: whether Governor Blagojevich has standing under Article III of the Constitution to seek judicial relief from the realignment of the 183rd Fighter Wing, a component of the Air National Guard. (Other issues, on which the parties diverge, are not material and need not be addressed.)

Last year the President transmitted to Congress a list of closures and realignments under the Defense Base Closure and Realignment Act of 1990. Forty-five days passed without legislative action, so the package took effect, and the Secretary of Defense is responsible for implementing it. Although this litigation began before the President sent his list to Congress--originally the Governor asked the court to enjoin the Defense Base Closure and Realignment Commission from transmitting its report to the Secretary of Defense--that is water under the bridge. The question now is whether the Governor is entitled to relief against the impending realignment. Because complaints need not plead law or define the desired relief, it is unnecessary to file new pleadings each time a factual development changes the precise relief in view. See, e.g., *Chicago United Industries, Ltd. v. Chicago*, 445 F.3d 940 (7th Cir. 2006); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073 (7th Cir. 1992).

The Governor maintains that two statutes, 10 U.S.C. §18238 and 32 U.S.C. §104(c), give him a veto power over disposition of the Air National Guard and prevent the proposed realignment without his consent. He contends that the Defense Base Closure and Realignment Act of 1990 does not alter the authority that Governors possess under those statutes. The parties agree that the Governor has standing to maintain this suit because the rights he invokes are personal to him, and any infringement of these rights could be rectified by judicial relief. We agree with this understanding. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992); *Wernsing v. Thompson*, 423 F.3d 732, 745 (7th Cir. 2005).

Decisions such as *Raines v. Byrd*, 521 U.S. 811 (1997), which hold that public officials lack standing when the injury affects institutions of which they are members, rather than their personal entitlements, are not controlling. *Raines* assumed that a Member of Congress would have standing if another public official failed to recognize a personal right, such as a vote; here the Governor has standing because he claims that a personal right to withhold approval has not been honored by the national government.

Whether the Governor *has* such a right under the statutes he invokes, and if so whether the Defense Base Closure and Realignment Act of 1990 has modified Governors' entitlements, are questions on the merits rather than elements of standing. These and all other questions about the relief that the Governor now seeks must be addressed in the first instance by the district court.

The judgment dismissing this suit for lack of a justiciable case or controversy is vacated, and the case is remanded for proceedings consistent with this order.