# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 07-3031

ROD BLAGOJEVICH, Governor of Illinois,

*Plaintiff-Appellant*,

*v.*

ROBERT M. GATES, Secretary of Defense, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 05-3190—**Jeanne E. Scott**, *Judge*.

SUBMITTED FEBRUARY 26, 2008—DECIDED MARCH 11, 2008

Before EASTERBROOK, *Chief Judge*, and ROVNER and SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.   In this suit, now pending for more than two years, the Governor of Illinois contends that a decision to move some planes assigned to the 183rd Fighter Wing of the Air National Guard from a base in Illinois to one in Indiana violates the rule that "no change in the branch, organization, or allotment of a unit [of the National Guard] located entirely within a State may be made without the approval of its governor."

32 U.S.C. §104(c). See also 10 U.S.C. §18238 ("A unit of . . . the Air National Guard of the United States may not be relocated or withdrawn under this chapter without the consent of the governor of the State"). The Secretary of Defense, the principal defendant in this suit, contends that actions implementing a report of the Defense Base Closure and Realignment Commission do not require gubernatorial approval.

The district court initially dismissed the suit for want of standing. After a series of appellate proceedings that need not be recounted, we reversed and remanded for what we supposed would be a decision on the merits. *Blagojevich v. Rumsfeld*, No. 05-3595 (7th Cir. Nov. 1, 2006) (unpublished order). But on remand the district court raised, *sua sponte*, what it deemed another jurisdictional issue: Whether the United States has waived its sovereign immunity. The court gave a negative answer and again dismissed the suit without reaching the merits. The Governor has filed another appeal.

The district court's justification for raising this subject on its own is that every court must ensure the presence of subject-matter jurisdiction, whether or not the parties agree that the case is properly in federal court. That's true enough, but we have held that sovereign immunity does not diminish a court's subject-matter jurisdiction. See *United States v. Cook County*, 167 F.3d 381 (7th Cir. 1999). The ability of governments to waive the benefit of sovereign immunity demonstrates that the doctrine is non-jurisdictional, see *Lapides v. University of Georgia*, 535 U.S. 613 (2002), for real jurisdictional limits can't be waived. Sovereign immunity concerns the remedy rather than adjudicatory competence.

Jurisdiction is secure under 28 U.S.C. §1331 and §1346(a)(2)—the former because the Governor's claim arises under federal law, and the latter because the federal government is the defendant and the suit does not seek the kind of monetary damages that allocate proceedings to the Court of Federal Claims. There was no need to raise a sovereign-immunity defense that the United States had not asserted on its own behalf. Now that the district court has dismissed the suit, however, the federal officials have embraced its conclusion, so we must address the subject.

Congress has waived sovereign immunity for most forms of prospective relief: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 U.S.C. §702. The district court recognized that this statute waives immunity from the sort of relief that the Governor seeks but stated that it is inapplicable because the Governor has not requested judicial review under the Administrative Procedure Act.

Yet §702 does not say that it covers only claims reviewable through the APA. In *Bowen v. Massachusetts*, 487 U.S. 879 (1988), the Supreme Court treated §702 as generally applicable. The claim in *Bowen v. Massachusetts* had been advanced under the Medicaid Act, which contains an elaborate system of judicial-review provisions separate from 5 U.S.C. §706, which is what courts usually mean when they refer to review "under the APA." The Supreme Court treated §702 as governing when *any* fed-

eral statute authorizes review of agency action. See also, e.g., *Webster v. Doe*, 486 U.S. 592 (1988).

For what it is worth, it is far from clear to us that the Governor's claim is unsupported by the APA. Provisions such as 5 U.S.C. §704 and §706 are presumptively applicable to all agency action, see 5 U.S.C. §701(a), and §706(2)(A) allows a court to set aside agency action that is "not in accordance with law". Perhaps the Governor believes that the "law" to which §706(2)(A) refers must be another portion of the APA, but that is not so; 10 U.S.C. §18238 and 32 U.S.C. §104(c) also are provisions of law for this purpose—and whether they have been superseded by the Defense Base Closure and Realignment Act, 10 U.S.C. §2687 & following note, concerns the merits rather than the scope of the district court's jurisdiction. Because the district court raised sovereign immunity *sua sponte*, we do not hold against the Governor his failure to make an argument "under the APA"; certainly the Governor has not waived the benefit of §702, on which his appellate brief relies.

But even if the Governor's attempt to obtain review of agency action (for the Department of Defense, unlike the President, is an "agency", see *Franklin v. Massachusetts*, 505 U.S. 788, 828-29 (1992) (Scalia, J., concurring)) is not one "under the APA", the fact remains that §702 is a law of general application. So *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996), holds. The scope of §702 is demonstrated not only by its language but also by its location in the same chapter as 5 U.S.C. §704, which states: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." Any "final agency action" comes within §704 if *either* some statute

other than the APA makes an action reviewable (the situation in *Bowen v. Massachusetts*) or there is no alternative remedy specified by statute. The defendants do not say that some other statute displaces this rule.

Decisions such as *Consolidated Edison Co. v. United States*, 247 F.3d 1378, 1382-83 (Fed. Cir. 2001), rely on statutes that take particular classes of cases outside §702 and §704 by providing exclusive means of litigation. See also *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997) (veterans' claims are covered by an exclusive mechanism that routes all litigation through the Court of Veterans' Appeals and the Federal Circuit and so displaces §702); *Taylor-Callahan-Coleman Counties Adult Probation Department v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991) (§702 does not apply in the absence of final agency action, because there is nothing to review until the agency has made a final decision). The Department of Defense maintains (Br. 26 n.10) that these decisions conflict with *Chamber of Commerce*, but there is no disagreement among the circuits; the D.C. Circuit does not doubt that final agency action is a condition of review or that a statute expressly displacing §702 must be respected. Here it is enough to say that the Governor has challenged final agency action, that no statute expressly replaces 5 U.S.C. §§ 701 to 706 with a different approach to judicial review, and that the relief the Governor seeks comes within the scope of the waiver in §702. Whether the base-closure mechanism overrides the statutes on which the Governor relies is, to repeat, the question on the merits and not a reason to avoid reaching the merits.

The judgment is reversed and the case remanded for proceedings consistent with this order. Circuit Rule 36 will apply on remand. If the district court again perceives

some new procedural obstacle, the court should address the merits as an additional ground of decision, so that the next appeal can bring this case to a conclusion.