**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued January 28, 2009
Decided June 23, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2994

| | |
|---|---|
| BRENT ALLAN WINTERS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District |
| | of Illinois. |
| *v.* | |
| | No. 3:08-cv-216-JPG-DGW |
| JOHN TAYLOR, | |
| *Defendant-Appellee*. | J. Phil Gilbert, |
| | *Judge*. |

## O R D E R

Brent Winters sued John Taylor, a federal public defender, for making slanderous statements about Winters during the course of a tax fraud prosecution. The district court dismissed Winters's claim on the ground that Taylor, a federal employee acting within the scope of his authority, was entitled to sovereign immunity. Rather than appeal that dismissal, Winters filed a second action against Taylor based on the same allegedly slanderous statements. The district court again dismissed Winters's suit based on the grounds of sovereign immunity and issue preclusion. This time, Winters appealed, but because we conclude that the district court's judgment in Winters's first action precludes this second action, we affirm.

## BACKGROUND

In April 2006, the United States charged Winters, Ken Tylman, and Debra Hills with filing a fraudulent tax return and conspiracy to defraud the IRS. The district court appointed Taylor, a federal public defender, to represent Tylman. At the end of a meeting between Taylor and Tylman at the federal courthouse in Urbana, Illinois, Taylor allegedly shouted that Winters and his co-defendants were "all guilty" and "all fuckin' liars." Taylor's statements were within earshot of Hills and other bystanders in the courthouse hallway.

Based on Taylor's statements, Winters filed a complaint of slander in Illinois state court, naming Taylor and the Office of the Federal Public Defender as defendants. The defendants removed the case to federal court under 28 U.S.C. § 1442(a) based on the federal defense of sovereign immunity. The district court agreed that the defendants were entitled to sovereign immunity because, based on the allegations in Winters's complaint, Taylor "made the statements in the scope of his federal authority" while representing Tylman. Having concluded that Winters's claim was barred by sovereign immunity, the court dismissed Winters's complaint "for lack of jurisdiction."

Winters did not appeal the district court's dismissal of his first action. Instead, he returned to Illinois state court and filed a second action based on the same statements. Winters's second complaint named only Taylor as a defendant and, in addition to a slander count, contained a count of negligent infliction of emotional distress. Taylor again removed the case to federal court, citing the federal defenses of claim preclusion, issue preclusion, and sovereign immunity. The district court dismissed Winters's slander claim on the ground of issue preclusion, since the court had decided that exact claim in favor of Taylor in the first action. As for Winters's emotional distress claim, the court held that this claim was barred by sovereign immunity, since Winters's suit against "a federal officer in his official capacity [was] tantamount to a suit against the United States."

Winters appeals, arguing that the district court should have remanded the case to state court for lack of subject matter jurisdiction. In the alternative, Winters argues that the court erred in recognizing Taylor's sovereign immunity defense without conducting an evidentiary hearing on whether Taylor's statements were within the scope of his federal employment.

## ANALYSIS

Beginning with Winters's jurisdictional challenge, Winters argues that removal was improper because his complaint did not plead a federal question, as required for removal under 28 U.S.C. § 1441(a). However, in addition to § 1441(a), Taylor's notice of removal cited, and the district court relied on, § 1442(a), which allows federal officers sued in state court to remove the case to federal court if they raise a colorable federal defense. *See* 28 U.S.C. § 1442(a)(1); *Mesa v.*

*California*, 489 U.S. 121, 129 (1989). Taylor raised the defense of sovereign immunity, claiming that he made the allegedly slanderous statements while "acting solely in his official capacity" as a federal public defender "and/or acting under color of authority [of law]." This claim of sovereign immunity is sufficiently "colorable" to support removal under § 1442(a). *Cf. In re Subpoena in Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) (recognizing a federal employee's sovereign immunity defense against a subpoena seeking "facts [the employee] observed by virtue of his official duties and in his official capacity as a federal employee"). Although we conclude below that Taylor does not actually win this case on the basis of sovereign immunity, that outcome does not make removal improper. The federal officer need only assert a defense that is "plausible," not necessarily successful, to remove under § 1442(a). *Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir. 1994).

On the merits of Taylor's sovereign immunity defense, in Winters's first slander action, the district court held that Taylor was entitled to sovereign immunity because he "made the statements in the scope of his federal authority" as a public defender. Then, in this action, the court concluded that Winters's slander claim was barred by the doctrine of issue preclusion. The issue of Taylor's sovereign immunity defense against Winters's claim was "actually litigated" and "essential" to the final judgment in the first action. *H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007) (providing the elements of an issue preclusion, or "collateral estoppel," defense).

For the first time on appeal, Winters cites the Westfall Act, 28 U.S.C. § 2679, to illustrate why Taylor was not entitled to sovereign immunity against Winters's claims. The Act gives a federal employee immunity against a tort suit arising out of acts committed in the scope of his employment, provided that the employee follows a few, simple procedures. First, the employee must promptly deliver the pleadings in the suit to the Attorney General ("AG") or his designee. 28 U.S.C. § 2679(c)(1). Then, if the AG certifies that the employee "was acting within the scope of his office or employment" when he committed the alleged tort, the United States "shall be substituted as the party defendant," and the employee is off the hook. *Id.* § 2679(d)(1). Even if the AG refuses to issue a scope-of-employment certification, the employee may petition the district court to certify that he was acting within the scope of his employment and substitute the United States as the party defendant. *Id.* § 2679(d)(3).

As Winters points out, Taylor never obtained the AG's certification that his allegedly slanderous statements were within the scope of his federal employment. Absent such certification, Winters argues, Taylor has no sovereign immunity defense under the Westfall Act.

We think that Winters's belated citation to the Westfall Act in this appeal reflects some uncertainty as to who exactly Winters was suing at various stages of these proceedings. In the first action, Winters's complaint named the "Law Firm of Richard H. Parsons [i.e., the Chief

Federal Public Defender for the Central District of Illinois], Federal Public Defenders & Richard Parsons, Esq., John Taylor, Esq., and Others Unknown." The district court interpreted Winters's complaint as naming the "Office of the Federal Public Defender" and officers of that agency "in their official capacities" as defendants. Because the court thought that Winters was suing a federal agency, the court had no reason to consider the requirements for Westfall certification. The Westfall Act, 28 U.S.C. § 2679, allows a federal employee sued in an individual capacity to convert the action to one against the United States, thereby obtaining indirectly the benefit of the United States' sovereign immunity. *See Sullivan v. United States*, 21 F.3d 198, 200 (7th Cir. 1994) (examining whether federal public defenders sued individually were entitled to the protections of the Act). But federal agencies may assert a sovereign immunity defense directly, without the aid of the Act. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess . . . .").

Winters's second complaint—that is, the complaint in this action—named only "John Taylor" as a defendant, which suggests a suit against Taylor individually. As an individual federal employee sued in tort, Taylor should have been able to claim sovereign immunity only after receiving a Westfall scope-of-employment certification. Again, however, the issue of Westfall certification never arose in the proceedings below because the district court assumed that Winters's second action, like his first action, was against "a federal officer in his official capacity" and therefore "tantamount to a suit against the United States." This assumption that Winters was suing a federal agency the second time around is questionable, since Winters's second complaint simply named "John Taylor" as the sole defendant. Nevertheless, we believe that the court's dismissal of Winters's second action on the ground of issue preclusion was correct.

In determining that the defendants in the first action were entitled to sovereign immunity, the district court found that Winters's own allegations established that Taylor "made the statements in the scope of his federal authority" while "representing Tylman" as a public defender. This finding has issue preclusive effect in Winters's second action because (1) the issue of whether Taylor's allegedly slanderous statements were within the scope of his federal employment is the same in both actions; (2) the parties actually litigated the issue in the first action; (3) resolution of this issue was essential to the district court's final judgment dismissing Winters's first action on sovereign immunity grounds; and (4) Winters was fully represented in the first action. *See H-D Mich.*, 496 F.3d at 760. So the very issue that Winters seeks to litigate here, whether Taylor was acting within the scope of his employment, is precluded by the first action. Since Winters's claims are barred by issue preclusion, Winters's observation that Taylor failed to comply with the certification requirements of the Westfall Act is inconsequential. At this point, requiring Taylor to seek a scope-of-employment certification through the Act's procedures would serve no purpose.

Although the district court relied on issue preclusion only with respect to Winters's slander claim, we conclude that issue preclusion also bars Winters's negligent infliction of emotional distress claim. Winters's emotional distress claim arises out of the same statements as his slander claim, and both claims fail if, as the district court found, Taylor was acting within the scope of his federal authority and therefore entitled to sovereign immunity.

Winters argues that the district court erred in the first action by finding that Taylor acted within the scope of his authority without conducting an evidentiary hearing. Since Winters did not appeal from the judgment in that action, this argument is not properly before us. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (applying preclusive effect to a prior district court judgment that the plaintiff failed to appeal). Moreover, a district court is not required to conduct an evidentiary hearing on the scope-of-employment issue where, as here, the court can rely on the plaintiff's own allegations. *See Brumfield v. Sanders*, 232 F.3d 376, 379-80 (3d Cir. 2000) (upholding the district court's refusal to grant additional discovery on the scope-of-employment question where the AG issued a Westfall certification based on facts pleaded in the complaint); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996) ("No hearing on certification is necessary where even if the plaintiff's assertions were true, the complaint allegations establish that the employee was acting within the scope of his/her employment.").

One final matter deserves consideration before barring Winters's case on the ground of issue preclusion. After concluding in the first action that the defendants were entitled to sovereign immunity, the district court purported to dismiss the case for "lack of jurisdiction." Ordinarily a dismissal for lack of jurisdiction carries no preclusive effect, except with respect to the jurisdictional ruling itself. *Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003). However, as the district court recognized in this second action, it erred in characterizing its dismissal of the first action as jurisdictional because "sovereign immunity does not diminish a court's subject-matter jurisdiction." *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008). We have also recognized that, although courts sometimes conflate the concepts of sovereign immunity and subject matter jurisdiction, the availability of a sovereign immunity defense is fully subject to principles of preclusion. *See United States v. County of Cook, Ill.*, 167 F.3d 381, 385, 389-90 (7th Cir. 1999). The district court dismissed Winters's first action on the ground that Taylor acted within the scope of his employment and was therefore entitled to sovereign immunity. Having litigated that issue in the first action, Winters is precluded from rearguing it here.

Accordingly, we AFFIRM the judgment of the district court.