Michelle L. Jacobs, Attorney, Office of the United States Attorney, Jonathan H. Koenig, Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Christopher D. Donovan, Attorney, Pruhs Law Office, S.C., Milwaukee, WI, for Defendant–Appellant.

Before JOEL M. FLAUM, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge.

## ORDER

In this criminal case, Donald Ray Young appeals from a district court order that granted a government motion to reduce his sentence for substantial assistance, *see* FED.R.CRIM.P. 35(b)(2), and argues that district court erred by refusing to consider the disparity between crack and powder cocaine sentences. We affirm.

Young pleaded guilty in 2007 to knowing and intentional distribution of 50 or more grams of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A), and was sentenced to ten years' imprisonment followed by 5 years' supervised release. In May 2009, the government filed a motion to reduce Young's sentence based on his substantial assistance to the government. At the hearing, Young argued that the court should also consider the disparity between crack and powder cocaine sentences. The district court stated that it could not consider the disparity. It granted the govern-

ment's motion and reduced Young's sentence by 20 months.

We have recently addressed the matter in *United States v. Shelby*, 584 F.3d 743, 749–50 (7th Cir.2009), which held that, once district courts decide to grant a Rule 35(b)(2) substantial-assistance motion, they may not then consider the factors articulated in 18 U.S.C. § 3553(a), including any disparity between crack and powder cocaine sentences. Young urges us to reconsider the matter, but concedes that *Shelby* controls. We recently denied rehearing and rehearing en banc in *Shelby*, and Young offers no argument not considered in that case. We therefore **AFFIRM** the district court's order.

## RESEARCH AUTOMATION, INC., Plaintiff–Appellant,

v.

## SCHRADER–BRIDGEPORT INTERNATIONAL, INC., Defendant–Appellee.

No. 09–2232.

United States Court of Appeals, Seventh Circuit.

March 5, 2010.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2)(B).

Patrick C. Keeley, Attorney, Piccione & Keeley, Wheaton, IL, for Plaintiff–Appellant.

Schrader–Bridgeport International, Inc., Smith Amundsen, LLC, Chicago, IL, for Defendant–Appellee.

Before RICHARD D. CUDAHY, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge.

## ORDER

Research Automation, Inc. ("RAI") sued Schrader–Bridgeport International, Inc. ("SBI") in Illinois state court for breach of contract. SBI then filed a mirror-image suit against RAI in Virginia state court. After both cases were removed to their respective federal district courts, RAI filed a motion in the Illinois district court to enjoin SBI from prosecuting its suit in Virginia. SBI then moved in the Illinois action to transfer the case to the Virginia district court pursuant to 28 U.S.C. § 1404(a). After the Illinois district court denied the requested injunction and granted the motion to transfer, RAI filed an interlocutory appeal with this court challenging the district court's decision, which we denied based on a lack of jurisdiction to hear appeals arising from § 1404(a) transfer orders. RAI now petitions for a panel rehearing.

Per 28 U.S.C. § 1292(a)(1), we have jurisdiction over the district court's denial of the preliminary injunction, and because the district court's decision to transfer the case is inextricably intertwined with the denial of the injunction, we will exercise pendent jurisdiction over the district court's order transferring the case to Virginia as well. Accordingly, we vacate our previous order.

## I. BACKGROUND

On February 6, 2009, RAI filed suit in Illinois state court against SBI, alleging that SBI breached a contract with RAI. On February 23, 2009, SBI filed its own suit against RAI in Virginia state court alleging a breach of the same agreement.[1] Each case was subsequently removed to federal court on the basis of diversity jurisdiction: SBI removed the Illinois suit to the United States District Court for the Northern District of Illinois on February 27, 2009, and RAI removed the Virginia action to the United States District Court for the Western District of Virginia on March 23, 2009. On March 24, 2009, one day after removing the Virginia action, RAI filed a motion in Illinois to enjoin SBI from prosecuting its action in Virginia. Two days later, on March 26, 2009, SBI moved to transfer the case to the Virginia court pursuant to 28 U.S.C. § 1404(a).[2] On April 27, 2009, the Illinois court, in a single order, both denied RAI's motion for an injunction and granted SBI's motion to transfer. RAI appealed that decision, and

---

1. The parties agree that these suits are mirror images of each other, with the exception that the federal Virginia action also names Paschal Associates, Inc. as a defendant.

2. 28 U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

we asked RAI to submit a jurisdictional statement. On September 9, 2009, we entered an order dismissing the appeal for lack of jurisdiction, relying on *Hill v. Potter,* 352 F.3d 1142, 1144 (7th Cir.2003), which held that appellate courts generally lack jurisdiction to hear appeals stemming from orders transferring a case to another federal district court pursuant § 1404(a). RAI now petitions for a panel rehearing, alleging that the denial of its motion for an injunction is appealable under 28 U.S.C. § 1292(a)(1), and maintaining that we should review the § 1404(a) transfer decision as well under principles of pendent jurisdiction.

## II. ANALYSIS

Under 28 U.S.C. § 1292(a)(1), we have jurisdiction to hear appeals from "interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions." The statute is "decently plain: all interlocutory orders denying injunctions are appealable." *Holmes v. Fisher,* 854 F.2d 229, 231 (7th Cir.1988). The district court's order analyzed and expressly denied RAI's request for an injunction, and we therefore have jurisdiction to hear an appeal of that denial per 28 U.S.C. § 1292(a)(1).

SBI agrees that the order denied RAI's motion for injunction, but argues that the true substance and effect of the order was to grant SBI's motion to transfer venue, which is unreviewable. SBI's argument is foreclosed by the language of the jurisdiction statute.[3] While it is true that the

---

3. This case is unlike *Missouri ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir.1999), where the court found that it lacked appellate jurisdiction because of the district court's insistence that the "transfer is really the basis of everything." The *Missouri* court was confronted with a situation where "[a]lthough the court's written order recited that the State's request for a preliminary injunction was denied, it contained no findings

district court accurately viewed the analysis of the injunction motion and the transfer motion as interdependent, the fact of the matter is that it reviewed and ruled on the injunction request, giving rise to jurisdiction over that ruling under the plain language of § 1292(a)(1).[4]

Having found jurisdiction over the injunction ruling, the issue becomes whether or not we should exercise jurisdiction over the § 1404(a) transfer ruling as well. Generally, a decision by a district court regarding a § 1404(a) transfer motion is a non-reviewable interlocutory order. *Hill,* 352 F.3d at 1144. The doctrine of pendent appellate jurisdiction, however, permits us to review an otherwise unappealable interlocutory order if it is "inextricably intertwined with an appealable one." *Montano v. City of Chicago,* 375 F.3d 593, 599 (7th Cir.2006) (quoting *Jones v. InfoCure Corp.,* 310 F.3d 529, 536 (7th Cir.2002)). Here, the injunction and transfer rulings in the district court's order are inextricably intertwined. Both RAI's motion for an injunction and the district court's transfer order concern the same sole issue: whether or not this case should be litigated in Virginia. This presents a situation in which we therefore deem it prudent to exercise pendent appellate jurisdiction over the § 1404(a) transfer order.

SBI cites *Jones,* where we declined to exercise pendent jurisdiction over a § 1404(a) transfer order after finding appellate jurisdiction over an order denying a preliminary injunction. 310 F.3d at 537. *Jones* was an entirely different situation, however. There, the preliminary injunction and transfer orders involved "quite distinct" issues that could be "resolved without reference to each other." *Id.* Here, in contrast, the issues in the injunction and transfer completely overlap and cannot be resolved independently.[5] Because the two orders in this case are "inextricably intertwined" we will invoke the discretionary doctrine of pendent appellate jurisdiction and exercise jurisdiction over the § 1404(a) transfer order. *See id.* at 536; *see also Greenwell v. Aztar Indiana Gaming Corp.,* 268 F.3d 486, 491 (7th Cir. 2001).

In so doing, however, we are mindful of the concern in *Jones* that "[i]t would be quite inappropriate for us to open the door to an end-run around ... jurisdictional limitations for every case in which a ruling on injunctive relief is subject to interlocutory review." 310 F.3d at 537. This case, however, presents a situation in which an exercise of pendent jurisdiction is prudent.

of fact and conclusions of law supporting the denial of an injunction." *Id.* Here, in contrast, the district court engaged in a full legal and factual analysis of RAI's motion for preliminary injunction request before even turning to SBI's transfer motion.

4. We note the Eighth Circuit's observation that Congress would have to modify the language of § 1292(a)(1) if it wanted to "eliminate [jurisdiction over] injunctions relating to prosecution of lawsuits in transfer situations." *Emerson Elec. Co. v. Black and Decker Mfg. Co.,* 606 F.2d 234, 237 n. 7 (8th Cir.1979).

5. Other circuits have similarly found that pendent jurisdiction over a § 1404(a) transfer motion is warranted when the transfer and

preliminary injunction orders are sufficiently closely related. *See Harvey Specialty & Supply, Inc. v. Anson Flowline Equip., Inc.,* 434 F.3d 320, 325 (5th Cir.2005) ("If the requested injunction is to prevent the opposing party from litigating in a particular forum, an order transferring the action to that forum is immediately appealable because it has the effect of denying the injunction"); *Midwest Motor Express, Inc. v. Central States Southeast & Southwest Areas Pension Fund,* 70 F.3d 1014, 1016 (8th Cir.1995) (review of transfer order available when the transfer order and the denial of the injunction are "inextricably bound up with each other"); *Ukiah Adventist Hosp. v. F.T.C.,* 981 F.2d 543, 548 (D.C.Cir.1992); *Lou v. Belzberg,* 834 F.2d 730, 733 (9th Cir.1987).

We note that in this case RAI sought to enjoin the Virginia action *before* SBI sought a transfer. While that fact does not necessarily establish the bona fides of RAI's motion, this does not appear to be a situation where a party simply filed an injunction in a naked attempt to obtain appellate review of a transfer decision via § 1292(a)(1).[6] Given the current posture of the Illinois and Virginia actions, were we to instead decline jurisdiction over the transfer ruling and only review the injunction denial, a potentially bizarre outcome could result.

## III. CONCLUSION

We VACATE our previous order dismissing this appeal for lack of jurisdiction. We find that we have jurisdiction under § 1292(a)(1) to hear an appeal regarding RAI's request for a preliminary injunction and choose to exercise pendent jurisdiction to hear its appeal regarding the § 1404(a) motion to transfer venue to the Virginia district court. The parties are instructed to submit briefs as to these two issues according to the following schedule: appellant's brief by April 5, 2010; appellee's brief by May 5, 2010; and appellant's reply brief by May 19, 2010.

---

6. In such situations, an appellate court might well decline to reward an appellant's attempt at an "end-run" effort to obtain review of a § 1404(a) order by declining jurisdiction.