NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2015[*]
Decided January 21, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2635

| | |
|---|---|
| HORACE TOWNSEND, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 1881 |
| ALEXIAN BROTHERS MEDICAL CENTER and ANNE MARIE HERLEHY, | Amy J. St. Eve, |
| *Defendants-Appellees.* | *Judge.* |

### O R D E R

Horace Townsend appeals the grant of summary judgment for the defendants in this lawsuit claiming employment discrimination and retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Townsend, who is now 24, claimed that his former employer, Alexian Brothers Medical Center, and an administrator in charge of surgical technologists, Anne Marie Herlehy, had refused to promote him because he is male and black, and then retaliated when he complained. Townsend asserted that

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

discrimination and retaliation were evident since he was not promoted to any of the nine postings for which he applied. The defendants countered that most of those postings were canceled and anyway he was not qualified for those that were filled. The district court, in granting the defendants' motion and denying Townsend's cross-motion for summary judgment, concluded that in relying on the indirect method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), Townsend had not established a prima facie case of discrimination or retaliation. We affirm that decision.

At summary judgment Townsend failed to comply with Local Rule 56.1, which governs parties' submissions. He did not file a Statement of Material Facts to support his own motion, nor did he properly respond to the defendants' Statement of Material Facts or file a Statement of Additional Facts in response to the defendants' motion for summary judgment. *See* N.D. ILL. CIV. L.R. 56.1(a)(3), (b)(3); *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). Instead, Townsend simply attached stacks of documents to memoranda containing factual assertions and argument. Thus, the district court adopted the factual representations in the defendants' unopposed Rule 56.1 Statement of Material Facts, and we enforce the court's choice to demand strict compliance with the local rule. *See Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). Even pro se litigants such as Townsend must follow the Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). With that in mind, we recount the undisputed evidence, construing all facts and reasonable inferences in the light most favorable to Townsend. *See Hutt v. AbbVie Prods. LLC*, 757 F.3d 687, 691 (7th Cir. 2014).

Townsend started working as a patient transporter at Alexian Brothers, a not-for-profit religious-based hospital, in January 2011. That April the hospital posted vacancy announcements for two surgical technologists. Both advertised positions required completion of a one-year surgical-technologist course and preferably national certification in that specialty. Townsend, who had completed the course but was not certified, did not qualify for these—or any other promotion—because the hospital required that employees complete a full year of work before becoming eligible to transfer into a different job. Nevertheless, he applied for both positions but was not selected for either. One of the vacancy announcements was eventually canceled because of budget concerns. In June the hospital offered the remaining position to a woman who accepted the job but changed her mind before starting, and after that a different woman was hired. There is no evidence about the race of either woman. Townsend questioned defendant Herlehy about being rebuffed for these positions, and she advised that he

needed more experience to qualify. The successful applicant began working as a surgical technologist in January 2012, and by then she had graduated from a program and become certified.

Over the next two years, Townsend applied five more times for jobs as a surgical technologist without success. Two of the postings were canceled, two of the positions were reclassified to other jobs, and the remaining opening (which was not even posted until after this suit was filed) was awarded to an applicant who was certified, a qualification that Townsend still had not achieved. Moreover, one of the positions that eventually was reclassified had been offered to a black male who accepted but then changed his mind. The hospital did interview Townsend on one occasion but concluded that he was unqualified because he did not satisfactorily answer questions about operating-room procedures.

Miffed about being rejected for the April 2011 postings, Townsend already had filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission even before he applied for the five later postings. Townsend would later allege in his motion for summary judgment that the hospital then retaliated by not selecting him for two emergency-room registrar positions and that the manager of patient-transportation services retaliated by threatening to discipline him for bogus infractions, inappropriately changing his work schedule, and refusing to give him time off when his father passed away. The Department of Human Rights eventually dismissed Townsend's complaint, and the EEOC issued a right-to-sue letter in May 2013. By the time Townsend filed this action, he no longer was employed by Alexian Brothers, but only because the hospital had contracted with a third party for patient transportation. Townsend continues to perform the same duties for this contractor. As far as we can tell, Herlehy is named as a defendant only because she had the final say in hiring surgical technologists.

The district court concluded that a jury could not reasonably find that Townsend was subjected to discrimination or retaliation. The court reasoned that Townsend could not demonstrate he was qualified for the April 2011 postings for a surgical technologist because he had not worked at the hospital for a year to meet its threshold qualification for an interdepartmental transfer. Moreover, the court explained, Townsend could not demonstrate that the hospital had hired someone less qualified, since it had canceled one position and filled the other with a *certified* surgical technologist, which Townsend was not. As for Townsend's five later applications for a position as a surgical technologist, only the last job was filled, and the court concluded that a jury could not reasonably infer

discrimination because the hospital again had hired a *certified* surgical technologist, which Townsend still was not. And, finally, regarding Townsend's claim of retaliation for filing an administrative charge of discrimination, the district court observed that Townsend had submitted no evidence about the registrar positions or that the manager of patient transportation even knew about the administrative charge at the time of the alleged retaliatory conduct. The district court dismissed the case "in its entirety" and terminated the action. (That language imparts finality, even though Townsend questions whether the court resolved all of his claims. *See Ennenga v. Starns*, 677 F.3d 766, 772 (7th Cir. 2012); *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003).)

On appeal Townsend essentially argues that the district court erred in not crediting his evidence of racial and sex discrimination and retaliation. But we have already noted that the district court was entitled to enforce Local Rule 56.1 by accepting the defendants' Statement of Material Facts because Townsend's response was inadequate, *see Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013), and Townsend fails to provide us with an "articulable basis for disturbing the district court's judgment," *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Again, pro se litigants must adhere to procedural rules, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), including Rule 28(a)(8)(A) of the Federal Rules of Appellate Procedure, which requires that the appellant's brief contain an argument that includes "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Townsend does not comply with this rule but instead merely presents a rerun of his show before the district court, along with arbitrary case citations and disconnected references to inadmissible evidence. Thus, his brief presents us with no developed appellate claim to review. *See Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014).

Accordingly, the judgment of the district court is AFFIRMED.