NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2015[*]
Decided October 20, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1399

| | |
|---|---|
| HORACE TOWNSEND, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 1881 |
| ANNE MARIE HERLEHY and ALEXIAN BROTHERS MEDICAL CENTER, | Amy J. St. Eve, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Horace Townsend appeals the denial of his postjudgment motion to set aside the summary judgment against him in this employment-discrimination suit. We affirm.

After being passed over for several surgical-technologist positions, Townsend, an African-American man, sued Alexian Brothers Medical Center and one of its

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

administrators, Anne Marie Herlehy, under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. The district court found that Townsend failed to establish a prima facie case of discrimination and retaliation, and entered summary judgment for defendants.

A week later Townsend filed successive motions under Federal Rule of Civil Procedure 59(e), repeating arguments made at summary judgment and arguing that the judgment should be set aside because defendants had failed to respond to all of his claims. The district court denied the motions.

We affirmed the district court's judgment six months later, concluding that Townsend failed to present any developed appellate claim for review. *See Townsend v. Alexian Bros. Med. Ctr.*, 589 F. App'x. 338 (7th Cir. 2015).

Three weeks later, Townsend moved the district court to set aside the judgment under Rule 60(b)(3) due to opposing counsel's supposed "fraud" in deliberately failing to serve him with three of defendants' summary judgment submissions. Townsend said that he did not learn of counsel's misconduct until two days after the district court entered judgment against him. The district court denied the motion, concluding that the seven months Townsend took to bring it was not "within a reasonable time," FED. R. CIV. P. 60(c)(1). The court added that the motion was unsubstantiated.

On appeal Townsend argues that the district court erred in finding that he waited seven months to complain about counsel's misconduct. He contends that he actually brought the issue to the court's attention in his Rule 59(e) motions, which were filed a week after the court entered its judgment. But Townsend mischaracterizes the contents of his Rule 59(e) motions; those motions did not mention any charge of misconduct. Townsend also has not shown that the district court abused its discretion in finding that the seven months he took to file his motion was unreasonable for purposes of Rule 60(b), *see Berwick Grain Co. v. Illinois Dep't of Agric.*, 189 F.3d 556, 560 (7th Cir. 1999), or that he failed to provide clear and convincing evidence of fraud, as Rule 60(b)(3) requires, *see Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010).

Accordingly, the judgment of the district court is **AFFIRMED**. Defendants' motion for sanctions is **DENIED**. Townsend is warned that further pursuit of this litigation would be frivolous and result in sanctions, including monetary sanctions. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).