**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022*
Decided April 29, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2822

| | |
|---|---|
| CHARLES R. WEINSCHENK, | Appeal from the United States District Court |
| *Plaintiff-Appellant*, | for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | No. 1:20-cv-02133-JPH-MPB |
| DUSTIN DIXON, et al., | James Patrick Hanlon, |
| *Defendants-Appellees*. | *Judge*. |

No. 21-2823

| | |
|---|---|
| CHARLES R. WEINSCHENK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |

---

* We have agreed to decide these appeals without oral argument because they are frivolous. FED. R. APP. P. 34(a)(2)(A).

*v.*                                                         No. 1:21-cv-01468-JPH-MJD

VALORIE HAHN,[1]  et al.,                                 James Patrick Hanlon,
    *Defendants-Appellees*.                      *Judge*.

**O R D E R**

Charles Weinschenk, a resident of Hamilton County, Indiana, sued several state and local officials in two lawsuits that alleged a far-reaching conspiracy to harm him. The district judge assigned to both cases dismissed each complaint for failure to state a claim and warned Weinschenk that failing to coherently plead his allegations would lead to dismissal. When subsequent complaints did nothing to clarify the claims, the district court dismissed the cases for being too frivolous to engage federal subject-matter jurisdiction. We affirm.

We begin by explaining that, although we denied a request to consolidate these appeals before briefing, we now consolidate them for disposition. The two cases are distinguished mainly by the different sets of defendants. The issues in each appeal are substantially similar, as are the decisions under review, and Weinschenk filed the same brief in each appeal.

Weinschenk's lawsuits assert that various incidents over the last 30 years, including murders, election meddling, and terrorist attacks, are part of a targeted "genocide" carried out by government officials. In both suits defendants moved to dismiss, and the district court dismissed the complaints because Weinschenk did not present a cogent narrative of his claims. The court gave Weinschenk one month to amend his pleadings, and he timely filed a new complaint in each case.

The district court found the amended complaints no clearer and sua sponte dismissed both suits for lack of jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court explained that although Weinschenk's amended complaints referred to the Constitution and federal statutes, any possible theory of relief under

---

[1] The State of Indiana is not a "person" subject to suit under 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989), and sovereign immunity has not been abrogated or waived with respect to any other potential claim, *see Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002), so we modify the caption accordingly.

federal law was a mystery, and his allegations were so frivolous that they failed to invoke federal jurisdiction. Weinschenk moved for reconsideration, but the court concluded that he identified no errors in the rulings and did not make new allegations.

On appeal, Weinschenk insists that he pleaded federal claims, invoking *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), multiple provisions of the Constitution, and 18 U.S.C. § 2333(a), which provides a civil remedy for victims of international terrorism. But Weinschenk does not explain how these defendants could possibly be liable to him under these, or any, theories. His assertions—for example, that he was a specific target of both the COVID-19 pandemic and the terrorist attacks on September 11, 2001—are extraordinary. Although we have denigrated the fine distinctions we sometimes make in degrees of frivolousness, *see Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 808 (7th Cir. 2015), the term "essentially fictitious" appears apt here. *See Hagans v. Lavine*, 415 U.S. 528, 537 (1974).

Fanciful complaints like Weinschenk's do not engage federal-question jurisdiction under 28 U.S.C. §1331 because there are no claims arising under federal law. *Id.*; *McCormick v. Indep. Life & Annuity Co.*, 794 F.3d 817, 820 (7th Cir. 2015). (Weinschenk provides no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.) Therefore, the district court correctly decided that it lacked subject-matter jurisdiction. But it also dismissed the cases "with prejudice" and did not say that doing so was a sanction. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018). A dismissal for want of jurisdiction, even one that finally resolves a lawsuit, is not on the merits and must be without prejudice. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019). We therefore modify the judgment in each case to reflect a dismissal without prejudice. *See id.* at 586.

We caution, however, that the modified dismissals, though without prejudice, are final, and these cases are resolved. *See Carter v. Buesgen*, 10 F.4th 715, 720 (7th Cir. 2021); *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003); *S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 191 F.3d 842, 844 (7th Cir. 1999). "Without prejudice" here reflects simply that these are not decisions on the merits that would have preclusive effect in another forum. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). But the ruling that federal jurisdiction over these claims is lacking has preclusive effect. *Hill*, 352 F.3d at 1146 (collecting cases). Weinschenk's federal cases are over. If he attempts to relitigate the same claims in federal court, he does so at the risk of incurring sanctions.

As modified, both judgments are AFFIRMED.