In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 17-2431

KATHRYN G. COLLIER AND BENJAMIN M. SEITZ, individually and on behalf of others similarly situated,

*Plaintiffs-Appellants,*

*v.*

SP PLUS CORPORATION,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 10587 — **Charles R. Norgle**, *Judge.*

---

ARGUED APRIL 25, 2018 — DECIDED MAY 14, 2018

---

Before MANION, HAMILTON, and BARRETT, *Circuit Judges.*

PER CURIAM. This case presents an unusual circumstance: both parties insist that the plaintiffs lack Article III standing to sue. They draw opposing conclusions from this premise, however. The plaintiffs say that without standing their case could not by removed from state court using 28 U.S.C. § 1441; the defendant justifies removal but says the case then required dismissal for lack of standing. The district court agreed

with the defendant and dismissed the case. But the case was not removable, because the plaintiffs lack Article III standing—negating federal subject-matter jurisdiction. Accordingly, we vacate the judgment and remand for the district court to return the case to state court.

SP Plus operates public parking facilities at Dayton International Airport and is headquartered in Chicago. Collier and Seitz allege that they used these parking lots in 2015 and received receipts that included the expiration date of their credit or debit cards. Printing that information, they say, violated the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681c(g)(1).

Collier and Seitz filed a class-action complaint in the Circuit Court of Cook County alleging that SP Plus willfully violated FACTA. They requested statutory and actual damages, stating that actual damages "exceed Twenty-Five Thousand Dollars." The complaint did not describe any concrete harm that the plaintiffs had suffered from the printed receipts' exposure of their cards' expiration dates; no one, for example, had experienced credit-card fraud or identity theft.

SP Plus removed the action to federal court, *see* 28 U.S.C. § 1441(a), arguing that the district court had federal-question jurisdiction because the claim arose under a federal statute. A week later SP Plus moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing because the plaintiffs did not allege an injury in fact, thereby "depriv[ing] this Court of subject matter jurisdiction." Collier and Seitz responded by moving to remand to state court, arguing that it was SP Plus's responsibility to establish subject-matter jurisdiction and that, without it,

28 U.S.C. § 1447(c) required the district court to return their case to state court. Because Article III does not apply in state court, they presumably hoped that their case could stay alive there despite their lack of a concrete injury.

The district court denied the motion to remand because "FACTA is a federal statute, so the case arises under federal law" and the court had jurisdiction under 28 U.S.C. § 1331. The court then analyzed the standing question. Collier and Seitz had failed to allege an actual harm, the court stated, because they did not support their request for actual damages with factual allegations. Relying on *Spokeo, Inc., v. Robins*, 136 S. Ct. 1540 (2016), and *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016), the court determined that Collier and Seitz could not establish standing by stating only that the defendant had violated statutory requirements. Thus, the court reasoned, Collier and Seitz "ha[d] not established subject matter jurisdiction." The court granted Collier and Seitz leave to amend their complaint. When they did not, the court dismissed the case with prejudice.

As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing); *Tri-State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 352–53 (7th Cir. 2017) (cert. denied) ("the party seeking removal" must establish federal jurisdiction). Removal is proper only when a case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). SP Plus reasons that was true of Collier

and Seitz's federal-law claim because § 1441(a) allows removal of cases over which federal courts would have had "original jurisdiction" and 28 U.S.C. § 1331 grants district courts "original jurisdiction" over claims "arising under" a federal statute. But reliance on the phrase "original jurisdiction" is not enough, because federal courts have subject-matter jurisdiction only if constitutional standing requirements also are satisfied. *See Spokeo, Inc.*, 136 S. Ct. at 1547–48 (plaintiff lacks standing, and court lacks jurisdiction, without "concrete and particularized" invasion of legally protected interest that is "actual or imminent"); *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688–89 (7th Cir. 2015) (unlike prudential standing, constitutional standing is jurisdictional).

Thus, to establish federal subject-matter jurisdiction, SP Plus must also show that Collier and Seitz have Article III standing—specifically, that they suffered an injury beyond a statutory violation. The company disagrees and suggests that once removal based on a federal question gets a defendant's foot in the door of a federal court, the slate is wiped clean and the defendant can challenge jurisdiction. But § 1447(c) makes clear that the district court must remand the case to state court if "at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction." (Emphasis added.)

Here, it is clear that Collier and Seitz's complaint did not sufficiently allege an actual injury. A mere reference to "actual damages" in the complaint's prayer for relief does not establish Article III standing. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016) (requiring "sufficient factual allegations of an injury resulting from defendants' conduct" to state a plausible claim for relief); *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) (adopting *Twombly-*

*Iqbal* standard for evaluating Rule 12(b)(1) motions). The single reference here falls far short of an allegation that the plaintiffs suffered a concrete harm or appreciable risk of harm apart from the statutory violation. *See Spokeo*, 136 S. Ct. at 1548; *Meyers*, 843 F.3d at 727–29.

SP Plus next contends that the conclusory request for "actual damages" is unfair because it allows Collier and Seitz to clarify what concrete injury they suffered "after it is too late" for removal. So SP Plus requests that we order Collier and Seitz to "amend their Cook County Complaint to support their allegations of actual damages or strike these allegations from that Complaint." This is impossible. We have no basis to order these plaintiffs how to plead their case in state court after remand. Further, a state's standing doctrine is "the business" of its own courts; "it is not for [this court] to venture how the case would there be resolved." *Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994).

In any event, there is no unfairness here. If, after remand, Collier and Seitz were to amend their complaint to state an injury in fact, 28 U.S.C. § 1446(b)(3) would permit SP Plus to then remove the case to federal court. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 820–21 (7th Cir. 2013) (observing that, if an initial pleading is not removable, defendant has 30 days to remove once it becomes clear "the case is or has become removable"). And even if Collier and Seitz do not amend, SP Plus could remove if they receive any "paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker*, 727 F.3d at 824.

Thus, § 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements. *See Smith*, 23 F.3d at 1142; *see also McIntyre v. Fallahay*, 766 F.3d 1078, 1082 (7th Cir. 1985) ("If the case did not belong in federal court at all, it should be remanded rather than dismissed" under § 1447(c)); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Res.*, 876 F.2d 1051, 1053–54 (1st Cir. 1989) (concluding § 1447(c) requires district court to remand, not dismiss, for lack of standing). Additionally, we note that this case should not have been dismissed with prejudice. "A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *see Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 535 (7th Cir. 2011) (stating that jurisdictional dismissal under Rule 12(b)(1) is without prejudice). Nor was dismissal with prejudice warranted as a sanction under Federal Rule of Civil Procedure 41(b) because Collier and Seitz opted not to amend their complaint. A Rule 41(b) dismissal is a harsh sanction appropriate only when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proved unavailing. *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2001). A *willful* failure to prosecute can fit the bill, *see Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000), but no finding of willfulness in this case justified a punitive dismissal on the merits.

Finally, we decline to award Collier and Seitz attorney fees or expenses under § 1447(c), since their brief does not adequately develop a basis to do so. But we note that, SP Plus's

justifications aside, its dubious strategy has resulted in a significant waste of federal judicial resources, much of which was avoidable. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005); *Micrometl Corp. v. Tranzact Tech., Inc.*, 656 F.3d 467, 472 (7th Cir. 2011).

We VACATE the judgment and REMAND with instructions to return the action to state court.