James E. Shadid, Chief United States District Judge
Now before the Court are the Defendants', Bob Evans Farms, LLC ("the Farms") and Bob Evans Restaurants, LLC ("the Restaurants"), Motion to Dismiss (D. 7)[1] , and the Plaintiff, Emily Kiefer's, Motion to Remand to State Court (D. 10). Both parties filed supporting memoranda thereto (D. 8); (D. 11) and responses in opposition (D. 12); (D. 13). The Plaintiff also filed a Motion to Supplement (D. 14) her Response to the Defendants' Motion to Dismiss with citation to additional authority, to which the Defendants agreed, citing the same authority (D. 16). For the reasons set forth below, the Plaintiff's Motion to Remand to State Court (D. 10) is GRANTED and the Defendants' Motion to Dismiss (D. 7) is deemed MOOT.
The Farms owned and operated the restaurant chain Bob Evans until April 28, 2017 when they sold it to the Restaurants, who took control thereafter. The Plaintiff has worked as a server at a Bob Evans restaurant in Pekin, Illinois since September 2015. She alleges that in February 2017, as a condition of her continued employment, the Farms required her and all other hourly paid restaurant employees to utilize a fingerprint to access a point-of-sale system in order to record their time worked and to enter customer orders. The Restaurants continued this policy when they took over for the Farms.
The Plaintiff claims that the practice of using a fingerprint to access the point-of-sale system puts her and other employees "at risk" and violates Illinois' Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1 et seq. (D. 1-1 at pg. 2). Specifically, she claims the Defendants violated BIPA by capturing or collecting employees' fingerprints: (1) without first informing them in writing that they were doing so; (2) without informing them in writing of the purpose for Defendants doing so and the length of time Defendants would store and use the fingerprints; (3) without first obtaining their written consent or other release authorizing Defendants to capture their information; (4) without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of the information; and (5) providing the employees' biometric information to their point-of-sale system provider without first obtaining their consent to do so. Id. at pp. 8-9. In making these claims, the Plaintiff seeks to represent herself and two classes, hourly workers that worked for both Defendants and were required to scan their fingerprints into the point-of-sale system. Id. at pg. 6.
*968 The Plaintiff originally filed her Complaint in October 2017 in Illinois' Circuit Court of Tazewell County. Id. On November 30, 2017, the Defendants filed a Notice of Removal in this Court. (D. 1). They claimed this Court had jurisdiction over the matter based on diversity, citing 28 U.S.C. §§ 1441(a), 1332(a)(1), and under the Class Action Fairness Act, 28 U.S.C. §§ 1453(b), 1332(d)(2). Shortly thereafter, on December 7, 2017, the Defendants filed a Motion to Dismiss. (D. 7). They argue that pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court lacks subject matter jurisdiction over the matter because the Plaintiff's Complaint does not properly allege she has standing under Article III of the United States Constitution. Id. They further claim that pursuant to Federal Rule of Civil Procedure 12(b)(6), the Plaintiff fails to state a claim upon which relief can be granted. Id.
The Plaintiff filed a Motion to Remand to State Court, pursuant to 28 U.S.C. § 1447(c), in response. (D. 10). She also responded to the Defendants' Motion to Dismiss by asserting, inter alia , that she "takes no position on whether she can satisfy Article III standing requirements[.]" (D. 12 at pp. 4-5). The Defendants-the only parties to make an argument regarding Article III standing-assert that the Plaintiff does not have standing because she has not alleged that she suffered an injury, merely that there have been statutory violations. (D. 7); (D. 8 at pp. 2-8).
The burden of proving federal jurisdiction is on the Defendants-the parties which removed this action to federal court. Lujan v. Defs. of Wildlife , 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Removal of a case from state court to federal court is only permitted when the case could have been filed in federal court. 28 U.S.C. § 1441(a) ; Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc. , 707 F.3d 883, 890 (7th Cir. 2013) (citing same). Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added); see also, Smith v. Wis. Dep't of Agric., Trade & Consumer Prot. , 23 F.3d 1134, 1142 (7th Cir. 1994) (citing same).
In order for the Plaintiff to properly plead Article III standing, she must allege an actual injury. Remijas v. Neiman Marcus Grp., LLC , 794 F.3d 688, 691-92 (7th Cir. 2015). The parties do not dispute that the Plaintiff's Complaint fails to properly allege that she has Article III standing. The Plaintiff's acquiescence to the Defendants' claim on this point serves her well. Given that the Plaintiff's lack of Article III standing is undisputed, the Court lacks jurisdiction and the Plaintiff is entitled to remand.
The mandatory nature of § 1447(c) makes it clear that remanding the case back to state court is this Court's only option. The Defendants' argument to the contrary, emphasizing that this Court should first dismiss the case with prejudice for failure to state a claim (D. 13 at pp. 8-9) is unconvincing. More to the point, remanding this matter to state court is precisely congruent with recent Seventh Circuit precedent. Collier et al. v. SP Plus Corp. , 889 F.3d 894 (7th Cir. 2018). The parties' pleadings establish that this Court simply does not have jurisdiction over the case. As a result, the Court GRANTS the Plaintiff's Motion to Remand to State Court (D. 10) and finds the Defendants' Motion to Dismiss (D. 7) MOOT.
The Court further declines the Plaintiff's request for the Court to order the Defendants to pay attorney fees and expenses pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1927 for removing this matter *969 and subsequently filing a Motion to Dismiss for lack of jurisdiction. (D. 11 at pp. 5-8). Under the circumstances, the Court cannot find that the Defendants lacked an objectively reasonable basis to seek removal or engaged in vexatious conduct.
It is so ordered.

Citations to the Docket in this case are abbreviated as "D. __."