NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022[*]
Decided October 19, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-3067

| | |
|---|---|
| TIMOTHY W. ELKINS, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 20-cv-4093-MMM |
| KEITH FRAINEY, et al., *Defendants-Appellees*. | Michael M. Mihm, *Judge*. |

## O R D E R

Timothy Elkins, Jr., a former Illinois prisoner, appeals the dismissal of his civil-rights complaint for failure to prosecute. The district court dismissed Elkins's case after he failed, in the court's view, to participate in the case over several months and comply

---

[*] We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

with a directive to keep his address updated. Because Elkins had, in fact, done all that was required, we vacate the judgment and remand for further proceedings.

In late 2020, Elkins sued several prison officials over the conditions of his confinement. Elkins alleged that his cell was bitterly cold, constantly illuminated, and without a mattress.

In February 2021, Elkins sent a short letter to the court inquiring into the status of his case. In the letter he informed the court that he would begin mandatory supervised release on April 30, 2021, at which time he would "parole to 824 E. Mill Street Staunton Illinois 62088."

By apparent coincidence, on April 30—the same day Elkins was released from prison—the district court screened his complaint, *see* 28 U.S.C. § 1915A, dismissed some deliberate indifference claims, and allowed him to proceed on others against certain defendants ("merit-review order"). With regard to Elkins's letter of February 2021, the court construed it as a "motion for status" and denied it as moot. The court also directed Elkins to "immediately notice the Court of any change in mailing address." The court mailed a copy of the order to Dixon Correctional Center, the prison Elkins had just left, instead of his new Staunton address.

In August, Defendants filed an answer and mailed a copy to the prison. Later that month, Defendants moved for an order to show cause, explaining that documents they had mailed to Dixon had been returned, and that Dixon officials had confirmed that Elkins was no longer there. Citing a local rule requiring Elkins to notify the court of any change of address, *see* C.D. Ill. L.R. 16.3(K), Defendants asked the court to sanction Elkins by dismissing his complaint.

On September 16, the district court ordered Elkins to file a current address within 14 days or face dismissal. The court sent a copy of the order to Elkins at Dixon, which the court identified as "the last known address of record."

On October 8, with no response from Elkins, the district court dismissed the case for failure to prosecute. *See* FED. R. CIV. P. 41(b). The court acknowledged that it was "unclear whether Plaintiff received the merit review order," which instructed him to apprise the court of any change of address. But the court pointed out that the same instruction had previously appeared in the "Case Opening Notice to Pro Se Litigants," which Elkins received. Because Elkins had not responded to the court's warning or

"participated in this case for more than 6 months," the court concluded that dismissal was proper.

Elkins promptly sought reopening to correct the court's misunderstanding about his address. He explained that in May, after his release from prison, he had sent multiple change-of-address notices to all the district courts in which he had pending litigation. His motion to reopen included the same Staunton address that he had listed in his February letter.

The court denied the motion as unsupported.

Elkins appealed, arguing that the district court overlooked his February letter, which provided the court with notice of his change of address. Elkins attached that letter to his brief.

A district court may dismiss a case on its own initiative if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); *see McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018). A district court must "show a record of delay, contumacious conduct, or that lesser sanctions proved unavailable, as well as the prejudice that the delay caused the defendant." *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020). We review a dismissal under Rule 41(b) for abuse of discretion. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (internal quotation marks and citations omitted).

We recognize that the district court has broad discretion in managing its docket, but the court appears to have overlooked Elkins's February letter, in which he referred to his upcoming move to a new address in Staunton. As a consequence of that oversight, the court incorrectly premised its dismissal on Elkins's failure to "provide[ ] his updated contact information." The court also premised its dismissal on Elkins's having "not participated in this case for more than 6 months," but that statement lacks context. Elkins was not required to do anything in the months leading up to mid-September, when the court issued an order (that Elkins appears not to have received) directing him to update his address within 14 days or face dismissal. A Rule 41(b) dismissal is a harsh sanction that is appropriate only in extreme situations, such as a clear record of delay. *Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018); *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). This case does not present such a record.

Defendants make three arguments in support of the district court's ruling, but none is persuasive. First, Defendants contend that Elkins did not sufficiently develop his argument that the February letter provided notice of his new address. But we construe pro se briefs liberally, *see Ebmeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021), particularly where the pro se litigant has been prejudiced by the court's own error. And by attaching the letter to his brief Elkins adequately signaled that the district court should have had his new address on file.

Second, Defendants argue that Elkins did not comply with the court's discovery-related instructions in its merit-review order, and that his non-compliance is further evidence of his failure to prosecute. But the court did not set any discovery deadlines, and so Elkins's inactivity should not have been characterized as non-compliant.

Third, Defendants argue that Elkins knew about the court's misunderstanding regarding his address and thus should be accountable for not taking steps that would have assured receipt of the court's 14-day warning. In support, Defendants rely on Elkins's acknowledgment—set forth in his appellate brief—that a Dixon official forwarded the merit-review order to him soon after he was released. But our review is limited to the evidence available when the district court entered judgment, *see Pruitt v. Mote*, 503 F.3d 647, 659 (7th Cir. 2007) (en banc), and the court conceded at the time that it was "unclear whether Plaintiff received the merit review order."

Because we conclude that the district court abused its discretion by dismissing the complaint based on an erroneous finding of a record of delay, we VACATE the dismissal and REMAND for further proceedings.