# United States Court of Appeals
## For the First Circuit

No. 22-1365

MATHEUS PLAZZI; JOSHUA PRESCOTT; TULIO BRITO COSTA,

Plaintiffs, Appellants,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Gelpí, Circuit Judges.

Shannon Liss-Riordan, with whom Harold L. Lichten, Michelle Cassorla, Zachary Rubin, and Lichten & Liss-Riordan, P.C. were on brief, for appellants.
Brian T. Ruocco, with whom Frederick R. Yarger and Wheeler Trigg O'Donnell LLP were on brief, for appellee.

October 20, 2022

**LYNCH**, **Circuit Judge**. Matheus Plazzi, Joshua Prescott, and Tulio Brito Costa ("Plaintiffs") worked as delivery drivers for Eloah Delivery ("Eloah"), a service provider for FedEx Ground Package System, Inc. ("FedEx"). Plaintiffs allege that their supervisor told them he was withholding part of their weekly pay for tax remittance to federal and state tax authorities. They further allege that Eloah never sent the deducted amounts to those tax authorities. Plaintiffs claim that Eloah's actions constituted theft of their wages in violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 et seq. ("Wage Act"). They seek restitution for all unpaid wages, as well as treble damages and other relief.

On October 13, 2021, Plaintiffs sued FedEx in Middlesex County Superior Court, alleging as their sole count a violation of the Wage Act. After FedEx invoked diversity jurisdiction and removed the action to federal court, the district court dismissed the case, holding that Plaintiffs' claim was statutorily barred and that Plaintiffs lacked Article III standing. Plazzi v. FedEx Ground Package Sys., Inc., No. 21-cv-12130, 2022 WL 1104586, at *2-4 (D. Mass. Apr. 13, 2022).

Because Plaintiffs have failed to plead a concrete injury, we affirm the district court's holding that they lack standing. But instead of dismissing the case, we remand to the

district court to determine whether remand to state court is appropriate.

## I.

## A.

When reviewing the dismissal of a complaint for lack of Article III jurisdiction, and when reviewing the grant of a motion to dismiss for failure to state a claim, "we take as true all well-pleaded facts in the plaintiffs' complaint . . . and draw all reasonable inferences therefrom in the plaintiffs' favor." Alphas Co. v. William H. Kopke, Jr., Inc., 708 F.3d 33, 36 (1st Cir. 2013) (quoting Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009)); see also Legal Sea Foods, LLC v. Strathmore Ins. Co., 36 F.4th 29, 34 (1st Cir. 2022).

Plaintiffs previously worked as delivery drivers for Eloah Delivery, a service provider for FedEx. When Plaintiffs' supervisor, Felipe Souze Prado, paid Plaintiffs their weekly wages, he informed them that he was withholding taxes equaling twenty-three percent of their weekly gross pay. Plaintiffs believed this withholding would be remitted to the government to satisfy their state and federal income tax liabilities. They do not dispute that this figure was an appropriate estimate of their income tax liabilities.

Contrary to what Prado told Plaintiffs, however, Eloah never remitted the twenty-three percent withholding to state and

- 3 -

federal tax authorities. Additionally, Eloah never sent Plaintiffs their 2020 W-2 forms, even after Plaintiffs contacted Prado to request them.

**B.**

On October 13, 2021, Plaintiffs sued FedEx in Middlesex County Superior Court, alleging that FedEx violated their rights under the Massachusetts Wage Act. Plaintiffs sought restitution for the withheld wages, as well as treble damages and other relief.[1] Although Plaintiffs alleged that they never received their W-2 forms, they did not claim any separate damages from this omission.

FedEx invoked diversity jurisdiction and removed the action to federal court. After removal, FedEx filed a motion to dismiss, arguing that (1) Plaintiffs' Wage Act claim was statutorily barred by state and federal law, and (2) Plaintiffs lacked Article III standing.[2]

Agreeing with FedEx on both issues, the district court granted the motion and dismissed the case. First, the court held that state and federal statutes barred Plaintiffs' Wage Act claim. Both the Internal Revenue Code and Massachusetts law, explained

---

[1] Plaintiffs claim that even if the withheld wages must ultimately be paid to tax authorities, Plaintiffs should be awarded two-thirds of the treble damages, as well as other relief.

[2] FedEx also argued that it was not liable for Prado's or Eloah's actions because FedEx was not Plaintiffs' statutory employer. The district court did not reach this argument, so we do not consider it on appeal.

- 4 -

the court, provide that only the government -- not employees -- can hold employers liable for failure to remit withheld wages to tax authorities. Second, the court held that Plaintiffs lacked Article III standing. The court reasoned that because Plaintiffs had "no legal right to their [wages] withheld [for] taxes" and "received credit on their individual tax liabilities for the amounts withheld," Plaintiffs had failed to allege an injury in fact.

Plaintiffs timely filed this appeal.

## II.

We review de novo the district court's determination that Plaintiffs lacked Article III standing. ITyX Sols. AG v. Kodak Alaris, Inc., 952 F.3d 1, 9 (1st Cir. 2020). Our review of the grant of a motion to dismiss for failure to state a claim is also de novo. Legal Sea Foods, 36 F.4th at 34.

To establish standing, Plaintiffs "must show [(1)] that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; [(2)] that the injury was likely caused by the defendant; and [(3}] that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 2205 (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016)). To be "concrete," the injury in fact must be "real, and not abstract."

Id. at 2204 (quoting Spokeo, 578 U.S. at 340). Plaintiffs have failed to plead such an injury.

Plaintiffs allege their cause of action arises under Section 150 of the Massachusetts Wage Act. That section provides a cause of action to employees for treble damages for violations of the Wage Act, after first filing a complaint with the Massachusetts Attorney General. Mass. Gen. Laws ch. 149, § 150. The purpose of the Wage Act is "to prevent the unreasonable detention of wages." Melia v. Zenhire, Inc., 967 N.E.2d 580, 587 (Mass. 2012) (quoting Bos. Police Patrolmen's Ass'n v. City of Bos., 761 N.E.2d 479, 481 (Mass. 2002)). The Wage Act, among other provisions, requires employers to pay all employees their "wages earned" within a fixed time after each pay period. Mass. Gen. Laws ch. 149, § 148. Employers may withhold wages for limited purposes, including for state and federal tax remittance. Id. § 150A.

For the reasons explained below, we hold that Plaintiffs lack Article III standing because state and federal statutes make clear that wages withheld for taxes belong to the government and not to employees. These statutes are separate from the Wage Act. As to each of federal law and state law, two different statutory provisions compel this result.

First, federal and Massachusetts laws shield employers from liability to nongovernment actors for nonpayment of wages

- 6 -

withheld for taxes. At the federal level, the Internal Revenue Code requires that "every employer making payment of wages shall deduct and withhold upon such wages a tax," 26 U.S.C. § 3402(a)(1), and further provides that although the "employer shall be liable [to the government] for the payment of the tax," id. § 3403, the employer "shall not be liable to any person for the amount of any such payment," id. (emphasis added). These provisions ensure that an "employer is not liable to an employee for complying with its legal duty to withhold tax [under 26 U.S.C. § 3402]." Schagunn v. Gilland, 617 F. App'x 814, 814 (9th Cir. 2015) (alteration in original) (quoting Bright v. Bechtel Petrol., Inc., 780 F.2d 766, 770 (9th Cir. 1986)).

The Massachusetts tax statute contains parallel provisions. See Mass. Gen. Laws ch. 62B, § 2 ("Every employer making payment to employees . . . shall deduct and withhold a tax upon such wages . . . ."); id. § 10 ("An employer shall be liable for the payment of the tax . . . and shall not be liable . . . to any person for the amount of any such payment."). These provisions directly track the language and effect of the Internal Revenue Code. See In re Nash Concrete Form Co., 159 B.R. 611, 615 (D. Mass. 1993) ("The language of Mass. Gen. Laws ch. 62B, § 2 . . . tracks the language of Section 3402(a)(1) of the Internal Revenue Code. No reason exists . . . for the Massachusetts Legislature to provide a less effective means by which the Commonwealth might

collect taxes withheld on its behalf than Congress provided the United States.").

Second, federal and Massachusetts laws provide that once wages are withheld by employers for remittance to tax authorities, those sums are not property of the employees, but rather are held "in trust" for the government. At the federal level, the Internal Revenue Code specifies that "[w]henever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States." 26 U.S.C. § 7501(a); see also Slodov v. United States, 436 U.S. 238, 242-45 (1978) (listing various ways the IRS can procure payment of these "trust fund taxes," but not mentioning private enforcement).

Again, the Massachusetts tax statute contains a parallel provision. See Mass. Gen. Laws ch. 62B, § 5 ("Any sum withheld . . . shall be considered to be held in trust for the commonwealth."). We reject any contention that the Massachusetts statute has a different effect than the federal one. See In re Nash, 159 B.R. at 615 (finding that Mass. Gen. Laws ch. 62B, § 5 "is intended to replicate the effect of its counterpart in the federal code, 26 U.S.C. § 7501").

The unambiguous text of these tax statutes dictates that only the relevant governments -- not the employees -- suffer an

injury when an employer fails to remit wages withheld for taxes to tax authorities. This conclusion also aligns with traditional principles of trust law. See Restatement (Second) of Trusts § 200 cmt. b (Am. L. Inst. 1959) ("Neither the settlor nor his heirs or personal representatives, as such, can maintain a suit against the trustee . . . ."); Restatement (Third) of Trusts § 94 cmt. d(2) (Am. L. Inst. 2012) ("Settlor, as such, lacks standing."). Accordingly, Plaintiffs lack Article III standing.

Plaintiffs argue that the tax statutes are inapposite because Eloah "never in fact withheld any wages . . . [but] instead stole their wages." This proposition -- that the amounts in question do not constitute a "withholding" -- lacks legal foundation. Plaintiffs cannot rely solely on the fact that the sums were never remitted to tax authorities, because doing so would render superfluous the above statutes which describe that exact situation. And Plaintiffs fail to identify any authority requiring employers to undertake special procedures before deducted amounts can constitute a "withholding." See Slodov, 436 U.S. at 243 ("There is no general requirement that the withheld sums be segregated from the employer's general funds . . . [or] deposited in a separate bank account . . . ."); In re Nash, 159 B.R. at 615 (noting that an employer cannot avoid the trust nature of these withheld sums "simply by refusing to segregate the funds"). Further, Plaintiffs do not dispute that twenty-three percent of

their gross wages was an appropriate estimate of their income tax liabilities, and they acknowledge that their supervisor represented to them that the wages were being withheld for tax remittance. The deducted amounts thus constitute wages withheld for taxes, and the above tax statutes apply.

Plaintiffs next argue that under the plain language of 26 U.S.C. § 3403 and Mass. Gen. Laws ch. 62B, § 10, an employer is not insulated from employee suits for wages withheld for taxes unless the employer actually makes "payment" to the IRS. The Supreme Court has rejected this argument as to federal taxes, noting that "[o]nce net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer, so that the IRS has recourse only against the employer for their payment." Slodov, 436 U.S. at 243 (emphasis added); see also 26 U.S.C. § 1462 ("[A]ny amount of tax so withheld shall be credited against the amount of income tax as computed in [the income recipient's] return.").[3] The argument fails as to state taxes as well. See Mass. Gen. Laws ch. 62B, § 9 ("The amount deducted and withheld as tax . . . upon the wages of any employee shall be allowed as a credit to the recipient of the income against

---

[3] Plaintiffs allege that they were not "paid all of their gross wages," but never allege that they were not paid the net wages owed to them. And although Plaintiffs claim they "may have stood to receive a tax refund had their wages not been stolen," they never allege that an actual refund owed to them remains unpaid by the government.

- 10 -

the tax imposed thereon."). Because the employee receives credit for the withheld amounts, the employee is not injured by the employer's failure to remit to the government: only the government is out of pocket.[4]

Plaintiffs' remaining arguments for standing are unavailing. First, they assert that the "wage theft" might "impact their Social Security benefits." Plaintiffs do not explain this argument, so we deem it waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").[5] Second, although Plaintiffs never received their W-2 forms, they have not alleged that this omission hampered their ability to file tax returns, reduced the amount of any tax

_____

[4] Plaintiffs' allegations differ markedly from those in Iannuccillo v. Comm'r of Revenue, 10 N.E.3d 671, 2014 WL 2807329 (Mass. App. Ct. 2014) (unpublished table decision). In Iannuccillo, the employee argued that "because his employer failed to withhold taxes," the employee could not be liable to the government. Id. at *1. The court rejected this argument, holding that tax authorities could still assess taxes upon the employee's "gross receipts." Id. at *2. Iannuccillo thus stands solely for the proposition that if an employer fails to deduct any sums from an employee's gross wages, the employee is still subject to tax enforcement. Here, in contrast, Plaintiffs acknowledge that Eloah already deducted amounts from their gross wages. Unlike the employee in Iannuccillo, Plaintiffs thus receive credit for the amounts withheld, so the government's sole recourse is against their employer.

[5] For the same reason, we deem waived Plaintiffs' contention that they should be afforded additional discovery to determine whether they are subject to other adverse tax consequences.

refund they received, or caused any other concrete injury. Finally, Plaintiffs claim standing based on the Wage Act's imposition of strict liability and mandatory treble damages upon offending employers. But regardless of whether the Wage Act supports Plaintiffs' cause of action, the possibility of a remedy is not alone sufficient to confer standing. See TransUnion, 141 S. Ct. at 2205 ("[T]his Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" (quoting Spokeo, 578 U.S. at 341)).[6]

Because Plaintiffs cannot recover wages withheld for taxes, and because they have failed to allege any other concrete injury, they lack Article III standing.

## III.

The parties failed to address to the district court, or to us, an issue which we have identified under First Circuit precedent as to the appropriate disposition of this case upon a ruling that we lack Article III jurisdiction.

---

[6] Reuter v. City of Methuen, 184 N.E.3d 772 (Mass. 2022), does not affect our analysis. In Reuter, the plaintiff received her pay three weeks late, id. at 774, resulting in possible injury because "prompt payment of all wages owed is necessary for employees who often live paycheck to paycheck," id. at 777. No such injury is present here, where Plaintiffs' claim is based on nonpayment of withheld amounts of which statutes foreclose recovery.

In any case removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). We have previously held that § 1447(c) "unambiguously precludes federal courts from reaching the merits of a removed case when it lacks [sic] subject matter jurisdiction over the dispute." Mills v. Harmon L. Offs., P.C., 344 F.3d 42, 45 (1st Cir. 2003). Under the "literal words" of § 1447(c), if a federal district court determines that the plaintiff in a removed action lacks standing, the court typically must remand to state court due to a lack of Article III jurisdiction. See Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs., 876 F.2d 1051, 1054 (1st Cir. 1989) (ordering remand to state court for lack of standing); see also, e.g., Ladies Mem'l Ass'n v. City of Pensacola, 34 F.4th 988, 993-94 (11th Cir. 2022) (same); Collier v. SP Plus Corp., 889 F.3d 894, 897 (7th Cir. 2018) (per curiam) (same); Wallace v. ConAgra Foods, Inc., 747 F.3d 1025, 1033 (8th Cir. 2014) (same); Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 87-89 (1991) (ordering remand to state court for other lack of subject matter jurisdiction); Mills, 344 F.3d at 45-46 (same); Hudson Sav. Bank v. Austin, 479 F.3d 102, 108-09 (1st Cir. 2007) (similar).

As neither party has addressed this issue (either on appeal or before the district court),[7] we deem it premature to decide whether remand to state court is required here. Rather, we remand the action to the district court to order supplemental briefing on whether remand to state court is appropriate.

## IV.

For the foregoing reasons, we vacate the district court's judgment and remand with instructions to conduct supplemental briefing on whether to remand the action to state court. Costs are awarded to FedEx Ground Package System, Inc.

---

[7] FedEx argues that Plaintiffs "also lacked standing to sue in Massachusetts state court." This contention would be more suitably raised in the Massachusetts courts, if remand to state court is deemed appropriate. Cf. Me. Ass'n of Interdependent Neighborhoods, 876 F.2d at 1055 ("Maine procedural law is a matter for the Maine state courts to decide."). We note that judicial resources could likely have been spared if FedEx had raised this argument in state court rather than removing the action. See Collier, 889 F.3d at 897 (noting that the defendant's "dubious strategy [of removing the case and then seeking dismissal based on Article III standing] has resulted in a significant waste of federal judicial resources, much of which was avoidable").