In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2447

LINDA THOMPSON, individually and on behalf of others similarly situated,

*Plaintiff-Appellant,*

*v.*

ARMY AND AIR FORCE EXCHANGE SERVICE,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 22-cv-2799 — **Staci M. Yandle**, *Judge.*

ARGUED NOVEMBER 5, 2024 — DECIDED JANUARY 8, 2025

Before SCUDDER, ST. EVE, and JACKSON-AKIWUMI, *Circuit Judges.*

ST. EVE, *Circuit Judge.* This appeal involves the rare case where the parties agree that the district court lacked subject matter jurisdiction over the plaintiff's claim. At issue is what happens next.

Linda Thompson filed a putative class action against the Army and Air Force Exchange Service (the "Exchange") in Illinois state court, alleging that the Exchange printed her credit card's expiration date on purchase receipts in violation of the Fair and Accurate Credit Transactions Act ("FACTA"). The Exchange removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), which provides for federal agency removal. Once in federal court, Thompson moved to remand the case back to state court, and the Exchange moved to dismiss under Federal Rule of Civil Procedure 12(b)(1). Both parties focused on Thompson's lack of Article III standing. The district court elected to dismiss the suit. It reasoned that the Exchange did not need to assert a colorable federal defense to remove the action and that the Exchange possessed an absolute right to litigate in federal court.

We agree that the Exchange was not required to present a federal defense to remove this case. But the district court erred in dismissing the suit. We therefore vacate the judgment and remand, with instructions to remand the case to state court.

## I. Background

The Exchange is an instrumentality of the United States Army and Air Force that provides retail services on military bases across the country. Linda Thompson alleges that she used her personal credit card at the Exchange's food court at Scott Air Force Base in Illinois, and that on two occasions, her printed receipt included her credit card's expiration date. She claims that the printing of this information violated FACTA, which amended portions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x.

Thompson filed a class-action complaint in Illinois state court on behalf of "all individuals in the United States … who … engaged in one or more transactions using a debit card or credit card" at a retail location owned or operated by the Exchange. She sought statutory damages, attorney's fees, and litigation expenses. The complaint did not allege any concrete harm (e.g., identity theft or credit card fraud).

The Exchange removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), which permits federal agencies to remove cases filed in state court. Thompson thereafter moved to remand, contending that her lack of Article III standing deprived the court of subject matter jurisdiction. A few days later, the Exchange moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

The district court denied Thompson's motion to remand and granted the Exchange's motion to dismiss for lack of subject matter jurisdiction. First, the court held that the removal was proper because the Exchange, as an arm of the federal government, could remove without asserting a colorable federal defense, distinguishing Thompson's action from suits against federal officers. *See Mesa v. California*, 489 U.S. 121, 139 (1989). Second, the court reasoned that § 1442(a)(1) vests the government with an absolute right to litigate in federal court, so remand was impermissible. The court thus dismissed the case.

Thompson now appeals. We review de novo both the district court's dismissal for lack of subject matter jurisdiction and its denial of Thompson's motion to remand. *Village of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008).

## II. Discussion

### A. Colorable Federal Defense

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022). We may exercise subject matter jurisdiction only where authorized by statute and permitted by the Constitution.[1] One of the authorizing statutes at issue in this case is the federal officer and agency removal statute, 28 U.S.C. § 1442. Section 1442(a) permits removal of a "civil action or criminal prosecution that is commenced in a State court" and applies to:

> The United States or *any agency thereof* or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]

28 U.S.C. § 1442(a)(1) (emphasis added). When a federal officer seeks to remove a case pursuant to § 1442(a)(1), the officer must present a colorable federal defense to the plaintiff's claims. *Mesa*, 489 U.S. at 129. The parties dispute whether the federal defense requirement applies to federal agencies as well.[2]

---

[1] Still, "a federal court always has jurisdiction to determine its own jurisdiction." *Brownback v. King*, 592 U.S. 209, 218 (2021).

[2] *Mesa* does not answer this question. When the Supreme Court decided the case, it interpreted § 1442(a)(1) to apply only to federal officers, not agencies or the United States. *Mesa*, 489 U.S. at 124 ; *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 79 (1991). Years later, Congress amended § 1442(a)(1) to expressly include agencies and the United States. *Rodas v. Seidlin*, 656 F.3d 610, 617 (7th Cir. 2011) (citing

We need not resolve the issue today. In *Mesa*, the Supreme Court required a colorable federal defense based on the need to ensure that suits against federal officers removed under § 1442 "arise under" federal law, vesting Article III courts with subject matter jurisdiction to hear them. *Id.* at 135–37; *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012). Here, Thompson brings a suit under FACTA, a federal statute, which confers federal question jurisdiction in this case. *See W. Sec. Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991) (declining to consider difficult questions posed by § 1442(a)(1) removal where the court had federal question jurisdiction under § 1331); *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 655 (2d Cir. 1996) (observing that § 1442(a)(1) "does not furnish an independent ground for federal jurisdiction absent some federal question implicated either *in the claim* or by way of a defense" (emphasis added)).[3]

---

S. Rep. 104–366, at 24 (1996), 1996 U.S.C.C.A.N. 4202, 4210). But *Mesa* did not have the occasion to consider the issue presented here.

[3] In deciding this case, we do not resolve whether a federal agency can always remove without asserting a federal defense. *See City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007) (holding that federal agencies need not assert a federal defense to remove pursuant to § 1442(a)(1)). Nor does our decision in *Hammer v. United States Department of Health and Human Services*, 905 F.3d 517 (7th Cir. 2018), answer the question. In *Hammer*, a case decided on the briefs and without oral argument, we analyzed whether a motion for declaratory relief removed under § 1441(a) involved a "civil action," was "against or directed to" a federal agency, and whether the defendant agency had raised a colorable federal defense. *Id.* at 526–28. Although some of the broad language in *Hammer* could be read to suggest that federal agency removal depended on the agency raising a colorable federal defense, a careful reading of the

**B. Procedure After Section 1442(a)(2) Removal**

The parties next dispute what happens once a federal court determines that it lacks subject matter jurisdiction over a FACTA action removed pursuant to § 1442(a)(1). We hold, based on the text of the federal removal provisions and FACTA, that courts faced with these circumstances must remand the case to state court.

We begin with the statutory text. Section 1442(a)(1) belongs to a chapter of the United States Code that governs removal of cases from state to federal court. *See* 28 U.S.C. §§ 1441–1455. Section 1447, also a part of this chapter, governs "procedure after removal generally." 28 U.S.C. § 1447. It refers to "any case removed from a State court," § 1447(a), and instructs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," § 1447(c). "Shall" connotes a requirement. *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024); *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 310 (2020).

---

opinion shows that the dispute over whether the agency in *Hammer* raised such a defense finds no analogue here. Indeed, the face of Thompson's complaint makes clear that her claim arises under FACTA, a federal statute, thereby leaving no question of the propriety of a federal court's jurisdiction as a statutory matter. Furthermore, the parties' briefing did not address whether the agency needed to assert a colorable federal defense to remove, and so we did not consider the issue. As such, we do not read *Hammer* as requiring, as a matter of jurisdictional necessity, the identification of a colorable federal defense. Nor does Thompson's appeal compel us to answer the question once and for all. It is enough that Thompson brought a claim under a federal statute and therefore a claim arising under federal law.

On the facts before us, § 1447(c) resolves this case. It requires federal courts to remand cases removed from state court over which the federal courts lack subject matter jurisdiction. Nothing on the face of § 1447(c) limits its application to cases removed under a specific removal provision. *See* Peter N. Salib & David K. Suska, *The Federal-State Standing Gap: How to Enforce Federal Law in Federal Court Without Article III Standing*, 26 Wm. & Mary Bill Rts. J. 1155, 1175 (2018) (§ 1447(c) "applies on its face to all removals, making no distinction between § 1441 and § 1442"); *cf. Int'l Primate Prot. League*, 500 U.S. at 89 ("[T]he literal words of § 1447(c) … on their face, give … no discretion to dismiss rather than remand an action.").

Indeed, reading § 1447(c) to exclude cases removed pursuant to § 1442 would make little sense when viewing the statute as a whole. Subsection 1447(d) generally precludes appellate review of district court decisions to remand. But it creates a carveout for cases removed under § 1442 and remanded pursuant to § 1447(c). 28 U.S.C § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable …, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 … shall be reviewable[.]"); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009) ("[T]he remands barred from appellate review by § 1447(d) [are limited] to those that are based on a ground specified in § 1447(c)."). A determination that § 1447(c) does not apply to cases removed pursuant to § 1442 would therefore strip § 1447(d) of its full effect. *See* Salib & Suska, *supra*, at 1175.

If § 1447(c) leaves any room for dismissal despite its plain text, it does not do so when a plaintiff brings a FACTA claim.

FACTA provides concurrent jurisdiction to state and federal courts, so plaintiffs face no statutory barrier to suing in state court. 15 U.S.C. § 1681p. Further, and crucially, Congress waived sovereign immunity for FACTA claims. *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 51 (2024).

This waiver distinguishes Thompson's case from many of the out-of-circuit cases cited by the Exchange. Setting aside the fact that "sovereign immunity does not diminish a court's subject-matter jurisdiction," *Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008), and so those cases may fall outside § 1447(c)'s purview, in cases involving claims where sovereign immunity applies, some courts dismiss because remand would be futile. Federal law precludes a state court, as much as a federal court, from hearing the claim. *See, e.g.*, *Louisiana v. Sparks*, 978 F.2d 226, 235–36 (5th Cir. 1992) (case "should be dismissed on sovereign immunity grounds" rather than remanded where "a court, *state or federal*, lacks jurisdiction" (emphasis added)).[4]

Here, the issue that dooms Thompson's claim in federal court—her lack of a sufficiently concrete injury for purposes Article III standing—is not necessarily dispositive in state court. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("the constraints of Article III do not apply to state courts"); *Lee v. Buth-Na-Bodhaige, Inc.*, 143 N.E.3d 645, 665 (Ill. App. Ct. 2019)

---

[4] We take no position on whether a district court may dismiss, rather than remand, when federal law would render remand futile. *Cf. Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994) (declining to recognize a futility exception where *state* law would arguably render remand futile); *see generally Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 938 (N.D. Ill. 2013) (analyzing the futility exception), *aff'd*, 547 F. App'x 782 (7th Cir. 2013).

(the plaintiff did not have to allege an actual injury sufficient for Article III standing to bring a FACTA claim in state court).

The other cases upon which the Exchange relies do not persuade us otherwise. In *Maine Association of Interdependent Neighborhoods v. Commissioner of Maine Department of Human Services*, for example, the First Circuit confronted removal under 28 U.S.C. § 1441(b), which permits a defendant to remove a case over which the federal court would have had "original jurisdiction founded on a claim or right arising under" federal law. 876 F.2d 1051, 1052 (1st Cir 1989). It vacated the district court's dismissal for lack of Article III standing and provided instructions to remand pursuant to § 1447(c). *Id.* at 1054. The court then went on to state, in dicta, that if a federal officer had removed the case under § 1442(a)(1), "the district court would have to dismiss the action." *Id.* at 1055. The court was not confronted with the precise issue, and so, unsurprisingly, did not provide detailed analysis. We do not find *Maine Association*'s dicta persuasive.

Nor are we swayed by the Exchange's contention that § 1442(a)(1) grants federal officers and agencies an unfettered right to litigate in federal court. The cases upon which the Exchange relies simply explain that in enacting § 1442(a)(1), Congress gave covered entities the ability to remove a case even where the federal court would not have had original (e.g., "arising under") jurisdiction. *See, e.g.*, *W. Sec. Co.*, 937 F.2d at 1279–80 ("the propriety of removal under section 1442(a)(1) would be unaffected by the district court's lack of

original jurisdiction");[5] *IMFC Pro. Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir. 1982); *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block—Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 35 (2d Cir. 1979). They do not equate the right to remove with an unfettered right to litigate in federal court. *See Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) ("A defendant's power to remove a case to federal court is independent of the federal court's power to hear it.").

Section 1447(c) requires federal courts to remand cases where they lack subject matter jurisdiction. Section 1442(a)(1) and FACTA, for their part, do not render Article III standing non-jurisdictional. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("Congress cannot erase Article III's standing requirements" by statute); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (per curiam) ("[F]ederal courts have subject-matter jurisdiction only if constitutional standing requirements also are satisfied."); *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003) ("If there are specific jurisdictional bars elsewhere that prevent the district court from asserting jurisdiction, [§ 1442] cannot overcome the jurisdictional defect.").

The parties agree that Thompson does not have Article III standing, so the district court lacks subject matter jurisdiction

---

[5] In *Western Securities Company*, we commented that under § 1447(c), "the absence of subject-matter jurisdiction … requires that [a] case be dismissed." 937 F.2d at 1279. This statement, which contradicts the plain language of the statute, is dicta—we determined that the district court had jurisdiction, *id.* at 1280, and so did not need to dismiss or remand the case. It does not bear on our analysis here.

over her FACTA claim. By the plain language of § 1447(c), then, once the district court determined it lacked jurisdiction, it was required to remand the case to state court—which has congressional authority to hear it. *See Collier*, 889 F.3d at 897 (holding, in the context of § 1441 removal, that "§ 1447(c) required the district court to remand [the plaintiff's FACTA] case to state court, because it does not satisfy Article III's requirements").

### III. Conclusion

The district court properly held that the Exchange need not assert a colorable federal defense to remove Thompson's case. But it erred in dismissing the case for lack of subject matter jurisdiction. We therefore VACATE the judgment and REMAND with instructions to remand the action to state court.