NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISIDRA ARREOLA PINA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-6154

Agency No.
A205-931-164

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Petitioner Isidra Arreola Pina is a native and citizen of Mexico. She petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her applications for cancellation of removal and voluntary departure, and the BIA's denial of her motion to remand. "Where, as here, the BIA cites [*Matter of* ]*Burbano* [20 I. & N. Dec. 872 (BIA 1994)] and also provides its own review of the evidence and law,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011).

1. The agency denied Petitioner's application for cancellation of removal for two reasons: (1) she was not statutorily qualified because she had not established exceptional and extremely unusual hardship to a qualified relative; and (2) even if she was statutorily qualified, she was not deserving of a positive exercise of discretion. *See* 8 U.S.C. § 1229b(b)(1). The agency similarly denied Petitioner's application for voluntary departure after finding that she was not deserving of a positive exercise of discretion for that relief. *See* 8 U.S.C. § 1229c.

We lack jurisdiction to review Petitioner's challenge to the agency's discretionary determinations. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1000 n.2 (9th Cir. 2025) (citing *Wilkinson v. Garland*, 601 U.S. 209, 218, 225 n.4 (2024)); *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022). While we retain jurisdiction over constitutional or legal claims related to the agency's discretionary decisions under 8 U.S.C. § 1252(a)(2)(B), Petitioner's argument— that the agency denied her due process by refusing to "accept her credible testimony" and consider her testimony as a mitigating factor—is not a cognizable due process violation. Petitioner's "real objection is not that the agency did not acknowledge" her testimony but rather in "how the agency weighed" it, which is a challenge to the agency's exercise of discretion. *Hernandez v. Garland*, 52 F.4th

757, 768 (9th Cir. 2022); *see also Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006) ("This court has previously held that abuse of discretion challenges to discretionary decisions, even if recast as due process claims, do not constitute colorable constitutional claims."). Accordingly, we lack jurisdiction to consider Petitioner's challenge to the agency's discretionary denial and dismiss this portion of the petition. *See* 8 U.S.C. § 1252(a)(2)(B); *id.* § 1229c(f).[1]

2. After the IJ's decision and during the pendency of the appeal to the BIA, Petitioner's son was diagnosed with autism. Petitioner moved to remand to the IJ, including additional evidence of hardship relating to this new diagnosis. In reviewing the motion to remand, the BIA abused its discretion by applying an incorrect legal standard. *See Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023) ("We review the BIA's denial of a motion to remand using the abuse-of-discretion standard."). "The BIA abuses its discretion when it 'act[s] arbitrarily, irrationally, or contrary to law.'" *Id.* (alteration in original) (quoting *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005)). "The BIA can deny a motion to [remand] on any one of 'at least' three independent grounds—[(1)] 'failure to establish a prima facie case for the relief sought, [(2)] failure to introduce previously unavailable, material evidence, and [(3)] a determination that even if

---

[1] In light of our conclusion, we do not address the agency's antecedent statutory hardship determination because the discretionary determination is an independent basis for the agency's denial.

these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which [s]he sought.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). The appropriate legal standard for a movant to demonstrate prima facie eligibility for relief is whether she has shown "a *reasonable likelihood* that [she] would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023) (emphasis added). On the other hand, for a determination made on discretionary grounds, the moving party must meet a heavier burden and "present[ ] evidence of such a nature that the Board is satisfied that . . . the new evidence offered *would likely change* the result in the case." *Id.* at 1181, 1183 (emphasis in original) (quoting *In re Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

The government concedes that the BIA "conflated the two legal standards" in reviewing Petitioner's motion for remand. The BIA denied Petitioner's motion on the basis that she failed to make "a prima facie showing that the new evidence would likely affect the outcome of the case." This constitutes the same error found in *Fonseca-Fonseca. See id.* at 1183. Because the BIA erred by applying the wrong standard, we remand for the BIA to apply the correct standard in the first instance.

24-6154

**PETITION DISMISSED IN PART; GRANTED IN PART; AND REMANDED.**